[No. 2,273.]

# GEORGE W. TYLER v. CHARLES A. GRANGER, SAMUEL FISHER, ZENAS FISHER, ARCHIE WOODWARD AND JOHN FREEBORN.

RIGHTS AND DUTIES OF TRUSTEE.—When a conveyance is made to a person as a trustee, and he, at the same time, executes and delivers to the grantor a declaration in writing in which there is no ambiguity, stating the objects and purposes of the trust, the powers and duties of the trustee, with reference to the trust estate, are to be ascertained from the deed and the declaration; and when so ascertained, the rights and duties of the parties must be controlled thereby.

RIGHT OF TRUSTEE TO POSSESSION OF TRUST PROPERTY.—If the owner of land who is indebted to another person, conveys the same to a third person in trust, and the trustee makes a declaration of the trust in writing, in which it is stated that he holds the land in trust to sell the same at the end of sixty days and apply the proceeds to the payment of the debt of the *cestui que trust*, unless within said time the *cestui que trust* finds a purchaser who will pay the debt to the trustee, and then to convey the land to such purchaser upon such terms and conditions as the *cestui que trust* may dictate, the trustee has not the right to the possession of the land during the sixty days, nor afterwards.

IDEM.—In such case, if the debt is satisfied before a sale and conveyance made by the trustee in pursuance of the terms of the trust, equity will compel the trustee to make a conveyance to the *cestui que trust* or his assigns, upon the payment of the amount due the trustee for his services and expenses.

IDEM.—In such case the *cestui que trust*, or his assigns, may continue in the use and possession of the property until a sale and conveyance of the same, in pursuance of the terms of the trust.

EJECTMENT BY TRUSTEE TO RECOVER TRUST ESTATE.—A trustee to whom land is conveyed by a debtor, with power to sell and use the proceeds in payment of the debt and the expenses of the trust, and whose powers and duties are prescribed by a declaration of trust in writing, and who merely holds the title in trust as security for the debt, cannot maintain ejectment against the *cestui que trust*, or his assigns, to recover the land.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

John F. Stayton, W. H. Devries and John F. Smith gave their joint and several promissory note to W. M. Ryer for the sum of forty-six hundred dollars, payable on the 22d day of October, 1862. As between the makers of the note, Stayton was to pay one half of it; and, on the 7th day of

January, 1863, the note had been placed by Ryer in the hands of the plaintiff, who was an attorney, for collection. On the last named day, one half the amount due on the note was three thousand and five dollars, and Stayton executed to the plantiff a deed of a tract of land in San Joaquin County, and at the same time the plaintiff executed to Stayton a declaration of trust, of which the following is a copy:

"To whom it may concern:—This writing witnesseth that John F. Stayton has this day assigned and conveyed to me all his interest in certain swamp and overflowed land situated in township four north, range five east, Mount Diablo Meridian, being seventeen hundred and sixty acres, and sections, or parts of sections Nos. 21, 22, 27, 28, 33 and 34, respectively, and surveys Nos. 52, 53, 54 and 477, respectively; and also his interest in certain Government lands, open to preëmption, situated in the same township, range and meridian as above, containing seven hundred and twenty acres, being parts of sections twenty-eight and thirty-two, in trust for the following uses and purposes, to wit: at the end of sixty days from this date to bargain, sell, assign and convey the same to such person or persons, and for such price or prices and upon such terms and conditions as I may see fit, and the net proceeds realized from such sale or assignment, to apply to the payment of one half of the amount due, principal and interest, on a certain promissory note, signed by said Stayton and others, dated October 22, 1860, for four thousand six hundred dollars, and interest at one and one half per cent. per month, payable to Wm. M. Ryer or order, on or before October 22d, A. D. 1862, on which said note there is due to-day, principal and interest, six thousand and ten dollars, one half being three thousand and five dollars, and the balance, if any remaining, (after paying myself my charges and costs) to pay to him, said Stayton or his assigns, unless at any time within said sixty days the said Stayton or his assigns, shall find me a purchaser for the said land so conveyed to me as above, either absolute or conditional, who will advance and pay to me

"in gold coin" the amount of one half of said note, principal and interest, due at the time of such advance or payment, and also my charges, costs and expenses incurred by reason hereof, then and in such case to convey and assign the said Stayton's interest in the above mentioned lands, as conveyed and assigned to me, as aforesaid, to such purchaser or purchasers and upon such terms and conditions as said Stayton or his assigns may dictate to me. Such conveyance or assignment, or conveyances or assignments, to be at the cost and charge of said Stayton or his assigns.

Witness my hand and seal this 7th day January, A. D. 1863.

GEO. W. TYLER. [L. S.]"

At the time of the conveyance to the plaintiff, the land was subject to a lien by attachment in the suit of *Frank Stewart* v. *John F. Stayton*, and was in the possession of Stayton. Judgment was entered in the attachment suit, and the land was sold and bid in by A. N. Fisher, for his own benefit and the benefit of defendants, Samuel Fisher and Zenas Fisher. Within six months of the sale, and before October, 1863, the plaintiff paid to the Sheriff the amount necessary to redeem the land from the sale. Before said redemption, the defendants entered into the possession of the land, and were in the possession at the commencement of this suit.

After the conveyance to the plaintiff, and before the commencement of this suit, Devries, one of the makers of the note, paid the whole sum due thereon, except the sum of six hundred and eighty-nine dollars. The plaintiff, before the commencement of the suit, had delivered the note to Ryer, and was not, from the time of the delivery, authorized by Ryer to collect the remainder due on the note. It does not appear what was the date of the payment by Devries, or the date when the plaintiff delivered the note to Ryer. The plaintiff, in October, 1863, advertised the land for sale, and, on the 10th day of November, 1863, sold it to defendant Woodward for seven hundred dollars. One of the conditions of the sale was that the plaintiff should place Wood-

ward in possession of the land. Woodward paid only part of the purchase-money, and did not receive a deed from Tyler. The payment of the remainder, and the execution of the deed, were deferred until the plaintiff could place Woodward in possession, and this action was brought to enable the plaintiff to place him in possession. After the plaintiff had delivered the note to Ryer, the latter transferred it to the defendant Samuel Fisher, and Fisher, at the time of the commencement of this action, owned it. April 16, 1864, Stayton conveyed to defendant, Samuel Fisher, his interest in the land. Defendant Granger was in possession by the consent of the Fishers.

This suit was commenced, on the 12th day of March, 1864, to recover possession of the land, and damages for its detention.

The Court below took an account of the amount due the plaintiff for his services as attorney and as trustee, and rendered a judgment in his favor for the sum of four hundred and eighty dollars, but did not direct him to convey the property to Stayton or his assigns. The plaintiff appealed.

The other facts are stated in the opinion.

*G. W. Tyler, in pro. per.,* for the Appellant.

*J. H. Budd,* for the Respondents.

By the Court, SPRAGUE, J.:

This was an action of ejectment by a trustee of an express trust against subsequent grantees of the grantor of the trust estate.

The complaint alleges an absolute conveyance of the premises to plaintiff by one John F. Stayton, and also the object and purpose of the conveyance, to which complaint is attached a declaration of the trust made and executed by plaintiff, and delivered to Stayton at the same time of the execution and delivery of the deed to plaintiff.

Defendants demurred to plaintiff's complaint upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action. The de-

murrers were overruled, and defendants then answered, not denying the material allegations of the complaint, but alleging new matter in the nature of a cross-bill for a redemption of the premises, with a prayer that plaintiff be decreed to convey the legal title held by him to Samuel Fisher, one of the defendants, upon the payment to him of his reasonable costs, charges and expenses in relation to said land, together with the expenses of the conveyance.

The substantial averments of this answer are, that the conveyance of the premises in controversy to plaintiff by Stayton was intended to be and was, in fact and effect, a mortgage thereof by said Stayton to secure the payment of a promissory note for four thousand six hundred dollars, made by said Stayton, W. H. Devries and J. F. Smith; that at the time of the commencement of this suit, all of said note had been paid except six hundred and eighty-seven dollars, and that at the time of said answer, one of the defendants, Samuel Fisher, was the owner and holder of said note, and the object and purpose of said conveyance to plaintiff in trust has been fully accomplished; that plaintiff had never attempted to execute his trust; had never performed any services or incurred any costs or expenses in the performance of the duties devolved upon him on the acceptance of the trust; that the defendant, Samuel Fisher, is the legal owner of all the right, title and interest that J. F. Stayton had, or since has had, in the premises sued for; that plaintiff as trustee never had, and never was entitled to have, the possession of the premises sued for; that Stayton continued in possession of the premises from the time of his execution of the deed to plaintiff as trustee until the month of October thereafter, when he delivered possession of the same to one A. N. Fisher; that subsequently A. N. Fisher delivered the possession thereof to defendant Charles A. Granger, whose right of possession is not yet ended or determined; that the *cestui que trust* and holder of the note which the conveyance of the premises to plaintiff was intended to secure, had been otherwise secured at the time Stayton delivered possession to A. N. Fisher in October, 1863, at which time plaintiff had no possession or

control of, or right of possession of, the note, which the conveyance of the premises to him in trust was made to secure, and no right to do any act in relation to the same; that the defendant, Samuel Fisher, ever has been ready and willing, and is still ready and willing, to pay plaintiff all his reasonable, proper and legal expenses, costs and charges in relation to said real estate.

Upon the filing of this answer the Court ordered that Wm. Hicks, Wm. H. Devries and M. L. Bird, his assignor in insolvency, J. F. Smith and J. F. Woodward be made defendants and summoned to answer; and subsequently these new parties, with the exception of Smith, appeared and answered. Something more than three years thereafter the cause seems to have been tried before the Court, and special findings of fact and conclusions of law therein filed with an order as follows: "It is therefore ordered that this cause, the attorneys for plaintiff and defendant in open Court consenting thereto, be referred to the Court Commissioner to take testimony herein, from which may be determined the amount to which the said George W. Tyler is entitled for costs, expenses and services rendered in and about the business of collecting payment of said note as attorney at law, or trustee of and for said W. M. Ryer, and that said Commissioner make report at the next term of this Court." And subsequently, in September, 1868, the Commissioner having made his report, finding the amount due said Tyler to be four hundred and eighty dollars, the Court confirmed the report and rendered judgment against defendants and in favor of plaintiff in the sum of four hundred and eighty dollars and costs of suit. From this judgment plaintiff alone appeals, without any statement on appeal; hence the only questions presented for our consideration are those only arising upon the judgment roll.

Upon the trial of the case as made by the complaint of plaintiff, the answer or cross-complaint of defendants and the answers of Woodward, Hicks, Bird and Devries, who had been brought in and made parties by order of the Court, the Court made and filed its findings of fact and conclusions of law substantially as follows:

That on the 7th day of January, 1863, John F. Stayton conveyed to plaintiff, by deed duly executed, the real estate described in Exhibit A (being the declaration of trust) attached to the complaint; that the real estate was so conveyed in trust that at the expiration of sixty days from its date the grantee therein might bargain, sell, assign and convey the same, and apply the net proceeds realized from such sale or assignment to the payment of one half of the amount due, principal and interest, on a certain promissory note, signed by said Stayton and others, dated October 22, 1860, for four thousand six hundred dollars and interest at one and one half per cent. per month, payable to William M. Ryer or order on or before October 22, 1862, and the balance, if any remaining after paying the charges and costs of the trustee, to be paid to said Stayton or his assigns; that at the time of the conveyance as aforesaid to plaintiff the said John F. Stayton owed to one William M. Ryer the one half of a note for four thousand six hundred dollars and interest thereon; that said note was the joint and several note of said Stayton, William M. Devries and J. F. Smith, and that the portion thereof due from said Stayton was three thousand and five dollars; that after such conveyance said Devries paid the whole of said note, except about the sum of six hundred and eighty-nine dollars, and that after such payment the said Devries was duly discharged from all his debts and liabilities by decree duly entered in 1864 in the County Court of San Joaquin County, and that M. L. Bird was duly appointed assignee of said Devries, and that the said payments were made and said discharge obtained before the commencement of this suit; that in October, 1863, defendants, with the consent of Stayton, took the possession of the premises in controversy, after a purchase thereof at Sheriff's sale, before the time of redemption had expired, which sale was by virtue of a judgment, which was a lien upon the premises before and at the time the trust deed was made to plaintiff, and defendants have since continued in possession thereof; that prior to the commencement of this suit the plaintiff had delivered to said Ryer the said note of four thousand six

hundred dollars, and at the time of its delivery there remained due in full payment thereof the sum of ——— dollars, and that from and after the delivery of said note to said Ryer the plaintiff was not, by the said Ryer, in any manner empowered to collect the balance due upon said note, nor was he ever authorized by said Ryer to sell said premises so conveyed to him for the purposes in these findings stated; that no portion of the amount due upon said note from said Stayton having been paid to said Tyler by Stayton, and no portion of the charges, costs and expenses, amounting to ——— dollars, of the said Tyler, in obtaining payment of said note in favor of said Ryer, having been paid to the said Tyler by any one, he, the said Tyler, did, in the month of October, 1863, advertise said real estate for sale on the 10th day of November, 1863, and that upon said day did sell the same, at public auction, to F. J. Woodward, a party to this suit, for the sum of seven hundred dollars; that one of the conditions of such sale, expressed at the time thereof, was that the purchaser should be put in possession of the same; and that this suit on the part of the plaintiff is brought to recover possession thereof, in order that he may deliver the same to Woodward, the purchaser as aforesaid; that subsequent to the delivery of said note by Tyler to Ryer, whose property it was, he, the said Ryer, transferred the same to Samuel Fisher, one of the defendants, upon the payment to him by said Fisher of the sum of six hundred and eighty-nine dollars, the balance due thereon, and at the time of the trial of this cause the said note was the property of said Samuel Fisher; that at the time of the trial of this action the said Samuel Fisher had become possessed (by deed of April 10, 1864, executed by John F. Stayton to Samuel Fisher), of all the right, title and interest that the said Stayton previously had in and to said real estate, the subject-matter of this suit, and that at the time of the trial hereof the said Fisher still continued the owner of said Stayton's interest, whatever it was in said real estate.

Upon the foregoing facts the Court pronounced the following conclusions of law:

"If, as a question of law, the plaintiff herein, from the facts above found, had a right to sell said real estate, then as a conclusion of law, I find that plaintiff is entitled to the possession of said real estate as against defendants, and to a judgment against said defendants for two hundred and ninty-nine dollars per month, rents and profits, since the 14th day of November, A. D. 1863, of such real estate 'and for his costs of suit.

"Believing, however, that said plaintiff had no right at the time of making sale of said premises to the said Woodward to sell and convey said premises, and further believing that said Tyler as the attorney at law of the said Ryer, having in his hands for collection the said note of four thousand six hundred dollars, did, by virtue of the deed to him from John F. Stayton, of date January 7, 1863, hold the premises therein described as security, and not otherwise, for the payment of the said note, and all proper charges, costs and expenses incurred on the part of the said Tyler in collecting said note; and defendants in their answer admitting that such was the object and purpose of said conveyance as made between the said Stayton and the said plaintiff, and having in their answer offered to pay to plaintiff all just, reasonable and proper charges, costs and expenses by him incurred in making collections upon said note, and in his lawful relations to the premises conveyed to him as aforesaid, I, as the conclusions of law from the above specified facts, and upon which judgment is to be entered in the case, do find:

"First—That said conveyance from John F. Stayton to plaintiff was given and intended as a mortgage to secure the payment of said note of four thousand six hundred dollars, and such proper charges, costs and expenses as might be incurred by plaintiff in making collection of said note.

"Second—That said plaintiff is entitled to judgment against defendants for such sum as may be a reasonable charge for his services, costs and expenses in and about the business of collecting payment of said note, and that upon the payment of said sum to said plaintiff (when said sum shall have been ascertained) by the defendants, that the

defendant Samuel Fisher is entitled to have and receive of and from the said plaintiff a deed of conveyance of and to the premises described in plaintiff's complaint." And then follows the order referring the case to the Court Commissioner to take testimony from which to determine the sum to which plaintiff is entitled for his costs and services hereinbefore cited.

The conclusions of law upon the facts as found by the Court, are manifestly erroneous. It by no means follows that if the plaintiff had the right to sell and convey the premises at the date of the sale to Woodward, he had the right to the possession of the same himself, or to undertake to put his vendee in possession thereof. His rights in the premises as well as that of his grantor in trust, or his assigns, are limited and fixed by the declaration of trust executed at the same time as the deed. The intentions of the parties are to be ascertained from these instruments, and when so ascertained, the rights and duties of the parties in reference to the trust estate must be fixed and controlled thereby. (Hill on Trustees, 342, Notes 6 and 2.)

By the deed of Stayton to appellant, and appellant's declaration of trust at the same time executed and delivered by him to Stayton, the object and purpose of the conveyance, and the powers and duties of the trustee with reference to the trust estate, were fully and clearly expressed, hence there is no ambiguity as to the intention of the parties to the transaction.

The grantor was the debtor of Ryer to the extent of one half the amount of a promisory note for four thousand six hundred dollars, bearing interest at the rate of one and one half per cent. per month, executed by him with Devries and Smith, and the conveyance of the premises described in the complaint was made by him to plaintiff, Tyler, as security for the payment of one half the amount of said note. Plaintiff then held the legal title, with power at the end of sixty days to sell and convey the same and apply the proceeds of such sale, first, to the payment of the grantor's one half of such indebtedness and the costs and proper charges of the grantee or trustee, and the residue of the

proceeds of such sale were to be paid to the grantor or his assigns; and plaintiff's declaration of trust further provides, that if the grantor should within sixty days find a purchaser of said premises, either absolute or conditional, who would advance and pay to said trustee, in gold coin, the amount of one half of said note due at the time of such advance or payment, together with his costs and charges, then and in that case he was to convey or assign the lands so held by him to such purchaser, and upon such terms and conditions as the grantor or his assigns might dictate. The intention of the parties in the execution of this deed and declaration of trust cannot be easily mistaken, and that intention must be strictly adhered to in determining the relative legal rights and duties of the parties in reference to the trust estate. By these instruments Tyler was vested with such title to the premises described in the deed as the grantor possessed, in trust for the payment of a specific debt due Ryer, with power to sell and convey such title at the end of sixty days, unless within the sixty days the grantor should by sale or mortgage of the premises be able to raise an amount of money sufficient to pay such debt, together with proper costs and charges of the trustee, in which event, and on the payment of such amount to the trustee, he was bound to convey the trust estate to such person, upon such terms as said grantor or his assigns shall dictate. It is manifest that it was not the intention of the parties that the trustee should have the use or possession of the premises during the sixty days within which the grantor had the privilege of raising the money to discharge the debt by sale or mortgage of the premises, or otherwise, nor at any time thereafter; but that the grantor or his assigns should continue in such use and possession until an absolute sale and conveyance of the title held by the trustee, in pursuance of the terms of the declaration and purposes of the trust. (Hill on Trustees, pp. 475–6; *Ball* v. *Ball*, 3 Dayton, 384; *Seymour* v. *Bull*, Id. 389.) The relation existing between the grantor or his assigns and the trustee, in respect to the trust estate, before absolute sale and conveyance thereof by the trustee, in pursuance of the

object and terms of the trust, was in no essential particular, as between themselves, different from the relations existing between a mortgagor or his assigns and a mortgagee with absolute power of sale and conveyance. No right, legal or equitable, to the beneficial sale or possession of the premises was vested in the trustee as such; hence, although such trustee had the right to the same extent as a mortgagee thereof to protect and preserve the trust estate or security, he could not maintain, as such trustee, an action of ejectment against the grantor of this trust estate or his assigns, for the manifest reason that the instruments creating the trust gave him no such right of possession, nor was possession essential or necessary to a full and complete execution of the trust.

Until the entire debt, with the proper costs and charges of the trustee were satisfied, the purpose of the trust was not fully accomplished, and the trustee retained the power of sale and conveyance of the trust estate originally granted. But no conveyance of the trust estate appears to have been made by the trustee at the time of the commencement of this suit; the title simply, without the right of possession, continued in the trustee, hence, the conclusion of law against the plaintiff's right of recovery in his action of ejectment was correct, although based on wrong grounds, and as none of the persons made parties subsequent to the commencement of the suit have appealed from the judgment, we do not deem it necessary or proper on this appeal to investigate the questions arising between those parties and the original defendants, or between those subsequent parties and the plaintiff, as these subsequent parties by failing to appear as parties to the appeal are presumptively satisfied with the judgment, which is conclusive upon them, until reversed or modified, and such reversal or modification they do not seek.

As between the parties to this appeal, the original parties to this suit (the judgment below being conclusive upon subsequent parties thereto,) the findings of fact not only justify and sustain the judgment as finally rendered, but would have justified a decree in accordance with the prayer

of defendant's cross-bill for a conveyance of the title held by plaintiff to defendant, Samuel Fisher, upon the payment to plaintiff of the amount found due him for services and expenses, and for which judgment was rendered against defendants in his favor.

As the record discloses no error prejudicial to appellant, the judgment must be affirmed.   So ordered.

NOTE.---The foregoing decision was made at the July Term, 1870, when the Court was composed of RHODES, C. J., and SPRAGUE, CROCKETT, TEMPLE and WALLACE, Justices.   It was not then reported, for some reason; and my attention having been called to it by the Court, I give it a place here.