[L. A. No. 873.   Department One. — July 24, 1901.]

CECILIA BLACKBURN, as Trustee, etc., Respondent, v. W. H. WEBB et al., Defendants.   F. A. DORN, Appellant.

ESTATES OF DECEASED PERSONS — INTEREST OF DEVISEE — DECREE OF DISTRIBUTION. — The interest in property devised, of either a devisee or his successor in interest, is to be determined by the decree of distribution.

ID. — TRUST DURING MINORITY — RIGHT TO INCOME. — Where a decree of distribution distributes real property to a person as trustee for her four children, and, "as such trustee, to have and to hold said property, and the whole thereof, and to manage the same, until the youngest of said children shall have attained his majority, at which event said property shall vest absolutely in said four children," the legal title to the land vests in the trustee, and, there being no provision as to incomes, carried with it the right to the rents and profits until the termination of the trust estate.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.   E. P. Unangst, Judge.

The facts are stated in the opinion.

William Shipsey, for Appellant.

W. H. Spencer, for Respondent.

CHIPMAN, C. — Action to quiet title.   The cause was dismissed as to all the defendants except Dorn.   James H. Blackburn died testate, and in his will he provided as follows: " I give, devise, and bequeath to Frank Blackburn, Harry Blackburn, Daniel Blackburn, and Frederick Blackburn, children of Daniel and Cecilia Blackburn, my dairy ranches, part of the Rancho San Jeronimo, in San Luis Obispo, state of California, together with all the personal property thereon; and for the better preservation of said property I hereby appoint their mother, Mrs. Cecilia Blackburn, trustee for said children and property, to have and to hold said property, and the whole thereof, and to manage the same, until the youngest of said children shall have attained his majority, at which event said property shall vest absolutely in the four children in this devise mentioned, and not before."   On August 17, 1888, the

property in question was distributed, in accordance with the
terms of the will, to the said Cecilia Blackburn, " as such trus-
tee, to have and to hold said property; and the whole thereof,
and to manage the same, until the youngest of said children
shall have attained his majority, at which event said property
shall vest absolutely in said four children." No appeal was
taken from the decree. The trust was accepted, the trustee
went into possession under the decree, and ever since has been
in possession, " and every year during her said possession she
has collected and received the rents, issues, and profits of said
real property." All the devisees are adults, except Fred-
erick Blackburn, who is a minor. On December 20, 1895,
Harry Blackburn, one of said devisees, conveyed to defendant
Dorn, by deed of grant, bargain, and sale, for a valuable con-
sideration, an undivided one-sixteenth of all the said real
property, " together with all and singular the tenements, . . .
rents, issues, and profits thereof," and said Dorn is still " the
owner of the property, estate, and interest, rents, issues, and
profits, so conveyed to him," being an undivided one-fourth of
the aforesaid interest of said Harry Blackburn. Defendant
Dorn, ever since the delivery to him of said deed, has claimed,
and now claims, to be entitled to the rents, issues, and profits
accruing since the date of his deed, and is entitled to have the
same paid to him from time to time as they accrue. From the
foregoing facts, taken from the findings, the court found as
conclusions of law that plaintiff, as trustee of the devisees of
the will and their successors in interest, " owns an estate in
the above-described land, with its tenements, . . . during the
minority of said Frederick Blackburn; that she has a right to
hold, possess, and manage the whole of said property during
said minority for the purposes of the trust; that she has no
other or greater estate . . . in or to said property; . . . and
that she has a right to have her aforesaid estate and title
quieted, in accordance with this conclusion." As to defendant
Dorn the court found, in accordance with the foregoing facts,
that, " upon the termination of said estate during minority,
he or his successor in interest will be entitled to the possession
of said real property (as tenant in common with whoever may
then own the other undivided interest or interests in said prop-
erty)," and it was adjudged in the judgment that he would be
entitled to his proportion of the rents, issues, and profits
" which will accrue after the termination of said estate during

minority." The appeal is from the judgment, on the judgment roll.

The sole question is, May defendant Dorn compel the payment to him of a proportionate share of the rents, issues, and profits of the land from December 20, 1895, and during the minority of Frederick Blackburn?

We must look to the decree of distribution to discover the interest in the property owned by appellant's grantor at the date of his deed. (*Williams* v. *Marx*, 124 Cal. 22, and cases cited.) By the creation of the trust the whole estate vested in the trustee, "subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust." (Civ. Code, sec. 863; *In re Walkerly*, 108 Cal. 627.[1]) No present interest in the land passed to the children, but a future estate vested (Civ. Code, secs. 680, 690, 694); and could be transferred. (Civ. Code, sec. 699.) It is also true that under section 867 of the Civil Code, as it now reads, the beneficiary of a trust for the receipt of the rents and profits of real property may transfer his right thereto (*Fatjo* v. *Swasey*, 111 Cal. 628), notwithstanding the provisions of section 863 of the Civil Code. But unless such a trust was here created, the section would not apply.

Appellant contends that the only right given by the decree of distribution to the trustee is to "have and hold" and "manage" the land; that there is no authority given the trustee to receive the rents,—certainly none to accumulate them; and that it follows that the beneficiaries are entitled to the rents as fast as they accrue; citing *Coburn* v. *Anderson*, 131 Mass. 513. This case does not support appellant. The testator made the following provision in his will: "I give and devise to my said executor eight hundred dollars in money, to have and to hold the same to the use of my sister S., as follows: I desire, in case my sister S. should at any time need assistance or come to want, that my executor should expend such part of said eight hundred dollars as will make her comfortable and keep her so during her lifetime. The remainder, if any, . . . at the time of the decease of said S., I give and devise to my brother, said P., and his heirs." It was held that the testator intended to create a trust in the money given for the use of S., and

[1] 49 Am. St. Rep. 97, and note.

that he also intended that the income of the fund should be paid to her during life, and so much of the principal as might be necessary for her comfortable support if she should come to want. We find no intention in the devise before us, nor can the decree be construed to mean, that the incomes were to be paid to the devisees as they accrue.

The decree conveys the land to Mrs. Blackburn, as " trustee, to have and to hold said property, and the whole thereof, and to manage the same, until the youngest of said children shall have attained his majority, at which event said property shall vest absolutely in said four children."

It was competent for the testator to create a trust to receive the rents and profits and to accumulate the same, within the limits prescribed by subdivision 4, section 857, part I, title II, of the Civil Code. The testator, however, did not specifically provide for the disposition of the accruing incomes, nor did the decree do so, for it followed the language of the will. We are left to determine the question from the language used in the decree. By it the legal title to the land vested in the trustee, and, in the absence of any provision as to incomes, carried with it the right to the rents and profits, for she was to have and to hold and manage the property during the continuance of the trust, and it was not to vest in the beneficiaries until the happening of the future event named. What right the beneficiaries may have at the termination of the trust to the accumulated incomes, should there be any, is a question not now necessarily before us, and need not be decided.

No question is raised as to the right of plaintiff to the relief prayed for. The judgment quiets plaintiff's title as against the present right of Dorn to demand and receive any part of the rents and profits of the property, and in our opinion the judgment should be affirmed, and we so advise.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Van Dyke, J., Garoutte, J., Harrison, J.