[L. A. No. 17053.   In Bank.—February 5, 1940.]

ARCHIBALD J. HAMILTON, Respondent, v. MARGARET B. CARPENTER et al., Appellants.

Robert R. Ashton and Cameron B. Aikens for Appellants.

Meserve, Mumper & Hughes and Roy L. Herndon for Respondent.

SHENK, J.—The defendants appeal from a decree foreclosing a trust deed executed by them to secure their promissory note in the amount of $7,500, payable to plaintiff and representing the unpaid balance of the purchase price of certain improved real property.

There is ample evidence in the record to establish the default of the defendants in the performance of their obligations under the instruments, and the trial court accordingly so found and entered the decree of foreclosure from which this appeal is prosecuted. The defendants' principal contention has to do with the asserted error of the trial court in rejecting certain proffered evidence addressed to their third and fourth affirmative defenses. In their third defense it was alleged, in detail, that plaintiff, without the knowledge of the defendants, had falsely represented the condition of the premises and that the defendants relying thereon to their detriment had entered into the transaction. It was further alleged that the reasonable value of repairs necessary to put the premises in the condition represented by plaintiff was $5,045.88, for which the defendants prayed an offset and credit as against the balance due on the purchase price. In the fourth affirmative defense the allegations of fraud were incorporated by reference and it was prayed that an offset and credit be allowed in the above amount against the unpaid balance because of alleged failure of consideration.

The trial court refused to permit the defendants to introduce any evidence addressed to these allegations of fraud upon the theory that there had been a final adjudication of the fraud issue against the defendants in a prior action between the parties. The prior action which the trial court herein held to be *res judicata* of the fraud issue was commenced by the defendants herein more than two years before the filing of the present action. Much of the record in the earlier action was placed in evidence here. It appears therefrom that the defendants here, plaintiffs there, sought to

recover damages from plaintiff here, defendant there, for alleged fraud in his representations as to the condition of the property. Examination of the allegations in the complaint for damages for fraud in the earlier action, and of those relied on by the defendants here in their third and fourth affirmative defenses, discloses that they are substantially identical, and we have no hesitancy in declaring that if a final adjudication thereof was had in the earlier action it is *res judicata*, and this, even though a few additional alleged misrepresentations are here set forth, for, obviously, a litigant may not split his cause of action, advancing a portion at a time to the harassment of his adversary.

The record in the earlier action, placed in evidence here by plaintiff in support of his contention that it was *res judicata*, discloses the following chronological facts: Trial was had in the prior fraud action on October 28, 1935, and the jury brought in a verdict for the plaintiffs, defendants here, on November 1, 1935. Thereafter and on November 8, 1935, defendant therein, plaintiff here, moved for judgment notwithstanding the verdict. This motion was denied on December 12, 1935, on which date judgment was accordingly entered on the verdict. Defendant therein, plaintiff here, thereupon moved for a new trial on December 20, 1935, which was granted the same day. After the granting of his motion for new trial, and on January 6, 1936, defendant noticed appeals from the prior order denying his motion for judgment notwithstanding the verdict and from the judgment. On December 6, 1936, the District Court of Appeal of the Second Appellate District, Division One, reversed the order denying the motion for judgment notwithstanding the verdict and directed entry of judgment thereon for defendant, plaintiff here. It dismissed the appeal from the judgment entered by the trial court upon the ground that the same "was vacated when a new trial was granted as to all of the issues". (*Carpenter* v. *Hamilton*, 18 Cal. App. (2d) 69 [62 Pac. (2d) 1397].) Subsequently, and on March 2, 1937, pursuant to the direction and mandate of the appellate court, the trial court entered judgment in the fraud action for defendant, plaintiff here. No appeal was taken from that judgment. It has long since become final and is relied on by plaintiff herein as a prior adjudication of the defendants' claim for a set-off based on the same alleged fraud.

On the question of *res judicata* the trial court found and decided that all of the charges of fraud alleged by the defendants had been decided against them by the final judgment entered in the prior action.

█ Previous to 1937, and at the time here involved, the provisions of section 629 of the Code of Civil Procedure did not affect the right of appeal from an order denying a motion for judgment *non obstante veredicto,* even though a motion for a new trial had been granted and no appeal had been taken by the opposing party from the order granting the new trial. (*Barthelmess* v. *Cavalier,* 2 Cal. App. (2d) 477 [38 Pac. (2d) 484]; *Beckley* v. *Vezu,* 19 Cal. App. (2d) 124 [64 Pac. (2d) 982].) Pursuant to the provisions of that section as it then read, on the appeal from the judgment and from the order denying the motion for judgment the appellate court had jurisdiction to direct a judgment for the appellant.

█ It is the general rule, applicable to the facts of this case, that a final judgment on the merits in a prior action is conclusive between the same parties in a subsequent action involving the same subject matter. Such a judgment was tendered in bar of the present affirmative defenses based on the issues thereby determined. When received in evidence it was conclusive between the parties hereto upon those same matters. (15 R. C. L., pp. 950, 951; *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502 [258 Pac. 387]; *Henderson* v. *Miglietta,* 206 Cal. 125 [273 Pac. 581]; *Ernsting* v. *United Stages, Inc.,* 206 Cal. 733 [276 Pac. 103]; *Edmonds* v. *Glenn-Colusa Irr. Dist.,* 217 Cal. 436 [19 Pac. (2d) 502]; *Suisun L. Co.* v. *Fairfield School Dist.,* 19 Cal. App. 587 [127 Pac. 349].) █ The issues of fraud very definitely were litigated by these parties in the prior action, both in the trial court and on appeal, and the court properly refused to receive evidence on the same issues alleged in the affirmative defenses of the defendant herein. Its finding on the issue of *res judicata* is supported by the judgment roll in the former action which was introduced in evidence in the present action.

█ No serious consideration may be accorded the attempted invocation of the maxim that he who comes into equity must come with clean hands. A sufficient answer to the contention in this respect is that the issue of fraud having

been adjudicated favorably to the plaintiff herein, there is no place for the application of the maxim.

Likewise the contention that an accord and satisfaction had been shown is without merit. The evidence sufficiently supports the trial court's finding that there had not been payment or satisfaction of the obligation.

The judgment is affirmed.

Carter, J., Curtis, J., Gibson, J., Waste, C. J., and Edmonds, J., concurred.

Rehearing denied.