[Civ. No. 13474. Second Dist., Div. Two. June 2, 1942.]

ARCHIBALD J. HAMILTON, Respondent, v. MARGARET B. CARPENTER et al., Appellants.

Roy A. Linn for Appellants.

Meserve, Mumper & Hughes, Roy L. Herndon and Lewis T. Gardiner for Respondent.

McCOMB, J.—Defendants attempt to appeal from an order denying a motion to strike an affidavit filed by plaintiff in opposition to defendants' motion to set aside a sale of real property pursuant to a decree foreclosing a deed of trust. This is the sole question for our determination:

*Is a ruling upon the admissibility of evidence which is to be used in determining a motion to set aside a sale of real property pursuant to a decree of foreclosure of a deed of trust an appealable order under the terms of section 963, subdivision 2, of the Code of Civil Procedure?*

This question must be answered in the negative. The law is established in California that a ruling either admitting or rejecting evidence to be used in connection with a special proceeding after a final judgment is not a "special order made after final judgment" within the meaning of section 963, subdivision 2, of the Code of Civil Procedure. (*Watson* v. *Pryor*, 49 Cal. App. 554, 557 [193 Pac. 797].)

Therefore, since in the present case the order from which defendants attempt to appeal was merely a ruling upon the admissibility of evidence, such ruling was a nonappealable order and the purported appeal should be and it is hereby dismissed.

Moore, P. J., and Wood (W. J.), J., concurred.