[Civ. No. 14043.   Second Dist., Div. Two.   June 10, 1943.]

MARGARET B. CARPENTER et al., Appellants, v. ARCHIBALD J. HAMILTON et al., Respondents.

Roy A. Linn for Appellants.

Meserve, Mumper & Hughes, Roy L. Herndon, Arch. H. Vernon, Earl E. Johnson and Gilbert E. Harris for Respondents.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendants, predicated upon the sustaining of a demurrer to plaintiffs' complaint without leave to amend, in an equitable action to set aside a judgment of the superior court decreeing foreclosure of a trust deed as a mortgage, and ordering sale of the property described in the trust deed for the purpose of satisfying the amount due on the note for which the trust deed was given as security. The basis of the complaint is alleged fraud upon the part of defendants.

Plaintiffs also urge that it was error for the trial court to refuse them leave to file a proposed amended complaint.

The essential allegations of the complaint and the proposed amended complaint which are well pleaded* are that:

(a) Plaintiffs executed a trust deed as security for a promissory note payable to defendant Archibald J. Hamilton, which trust deed was foreclosed as a mortgage pursuant to the requirements of section 725a of the Code of Civil Procedure. (See *Hamilton* v. *Carpenter*, 15 Cal.2d 130 [98 P.2d 1027].)

(b) Defendant Title Insurance and Trust Company was named as trustee in the trust deed mentioned in paragraph (a).

(c) Prior to the filing of the foreclosure action mentioned in paragraph (a), defendant Hamilton had deposited the note and trust deed above referred to with defendant trustee together with a written declaration of default and a demand for the sale of the property described in the trust deed pursuant to the terms thereof.

---

*For the purpose of testing the sufficiency of a complaint to state a cause of action, a demurrer does not admit as true facts which are alleged as: (1) conclusions of law, (2) evidence, (3) matters of opinion, or (4) surplusage. (21 Cal.Jur. (1925), page 96, section 62, et seq.; 49 C.J. (1930), page 438, section 434c.)

(d)  Pursuant to the demand of defendant Hamilton, defendant trustee recorded in the office of the County Recorder of Los Angeles County a notice of default and election to sell the property described in the trust deed pursuant to the power of sale contained therein.

(e)  After electing to have the trustee proceed under the terms of the trust deed, defendant Hamilton cancelled the notice of default and election to sell the property described in the trust deed. Defendant trustee did not mail to plaintiffs a copy of the notice of default defendant Hamilton had elected to declare, but instead, returned the note and deed of trust to defendant Hamilton, who thereafter instituted the foreclosure action mentioned in paragraph (a).

(f)  Plaintiffs had no knowledge, at the time of the trial of the foreclosure action, of the facts set forth in paragraphs (b) to (e) inclusive, and by reason of the suppression and concealment of said facts, plaintiffs were prevented ''from making the defense to said action that the contract had been altered or cancelled by said Hamilton, and that the executory obligation of the plaintiffs had been extinguished because the plaintiffs did not consent to said alteration.''

█  This is the sole question necessary for us to determine:

*Can a beneficiary under a deed of trust, after executing and delivering to the trustee a declaration of default and election to have the property described in the trust deed sold pursuant to the power of sale contained therein, which election is duly recorded, cancel the declaration of default and terminate the trustee's sale proceedings, and thereafter pursue the alternative remedy of enforcing the obligation of the trust deed by proceeding to foreclose the same as a mortgage, pursuant to the provisions of section 725a of the Code of Civil Procedure?*

This question must be answered in the affirmative. The enforcement of a deed of trust by (1) trustees' sale proceedings, and (2) foreclosure of the deed of trust as a mortgage, are alternative consistent remedies. The institution of one of such proceedings does not preclude subsequent enforcement of the obligation of the trust deed by the alternative proceeding. (*Commercial Centre R. Co.* v. *Superior Court,* 7 Cal.2d 121, 129 [59 P.2d 978, 107 A.L.R. 714]; *McDonald* v. *Smoke Creek Live Stock Co.,* 209 Cal. 231, 237 [286 P.

693] ; *Mayhall* v. *Eppinger,* 137 Cal. 5, 7 [69 P. 489] ; see also *Flack* v. *Boland,* 11 Cal.2d 103, 107 [77 P.2d 1090].)

In view of the foregoing rules and authorities, it is clear that the beneficiary, under a deed of trust, by delivering to the trustee a declaration of default and election to proceed according to the power of sale contained in the trust deed, is not estopped from rescinding the declaration of default and thereafter electing to pursue the alternative remedy of enforcing the obligation, to secure which the deed of trust was executed, by filing an action to foreclose the deed of trust as a mortgage pursuant to the terms of section 725a of the Code of Civil Procedure.

Applying the foregoing rule to the facts of the instant case, it is clear that had the plaintiffs known the facts which they allege were concealed from them, such facts would not have constituted a defense to the foreclosure action which resulted in the decree which they now seek to set aside.

As the complaint and proposed amended complaint failed to allege any facts showing fraud upon the part of either or both of the defendants, a cause of action was not stated and the judgment and order of the trial court were correct.

In view of our conclusions it is unnecessary to discuss other points presented by counsel.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied June 30, 1943, and appellants' petition for a hearing by the Supreme Court was denied August 5, 1943.