[Civ. No. 14072. Second Dist., Div. Two. June 10, 1943.]

MARGARET B. CARPENTER et al., Appellants, v. ARCHIBALD J. HAMILTON et al., Respondents.

Roy A. Linn for Appellants.

Meserve, Mumper & Hughes and Roy L. Herndon for Respondents.

McCOMB, J.—Plaintiffs appeal from a judgment in favor of defendants, predicated upon the sustaining of a demurrer to their complaint without leave to amend, in an equitable action to set aside a sale of real property pursuant to a writ of execution issued upon a decree foreclosing a deed of trust.

They also urge that it was error for the trial court to refuse them leave to file a proposed amended complaint.

The essential allegations of the complaint and proposed amended complaint which are well pleaded* are that:

(a)   Plaintiffs executed a trust deed as security for a promissory note payable to defendant Archibald J. Hamilton, which trust deed was foreclosed as a mortgage pursuant to the requirements of section 725a of the Code of Civil Procedure. (See *Hamilton* v. *Carpenter*, 15 Cal.2d 130 [98 P.2d 1027].)

---

*For the purpose of testing the sufficiency of a complaint to state a cause of action, a demurrer does not admit as true facts which are alleged as: (1) conclusions of law, (2) evidence, (3) matters of opinion, or (4) surplusage. (21 Cal.Jur. (1925), page 96, section 62, et seq.; 49 C.J. (1930), page 438, section 434c.)

(b)   On December 3, 1940, the property described in the deed of trust consisting of two separate parcels of real estate, a portion of which was homesteaded, was sold *en masse*.

(c)   Defendant R. E. Allen, who acted as commissioner at the sale, was not a court commissioner appointed by the Superior Court of Los Angeles County, pursuant to the provisions of article VI, section 14, of the Constitution of California, and section 258 of the Code of Civil Procedure; the sale was made by the commissioner with knowledge that plaintiffs had not received written notice thereof; and the commissioner was an "interested party" in that he was a personal friend of plaintiffs' counsel and was dependent "upon the good will of attorneys who foreclosed mortgages and trust deeds for his appointments" as a commissioner.

The complaint and proposed amended complaint are devoid of any allegation that plaintiffs (a) have paid the obligation for which they executed the trust deed as security, or (b) offered to pay the obligation which they owed.

■   This is the sole question necessary for us to determine:

*Did the complaint and proposed amended complaint fail to state a cause of action because neither contained an allegation that plaintiffs (1) had paid the obligation to satisfy which the property described in the trust deed had been sold, nor (2) offered to pay the obligation to secure which the trust deed had been given?*

This question must be answered in the affirmative, and is governed by the maxim that, "He who seeks equity must do equity." This maxim has been crystallized in California into this rule:

■   A judicial sale will not be set aside in equity at the instance of a beneficiary unless he (1) has paid the obligation for the satisfaction of which the sale took place, or (2) offers to do equity by paying the obligation he has incurred. (*Touli* v. *Santa Cruz County Title Co.*, 20 Cal.App.2d 495, 499 [67 P.2d 404]; *Leonard* v. *Bank of America*, 16 Cal.App.2d 341, 342 [60 P.2d 325]; *Williams* v. *Koenig*, 219 Cal. 656, 660 [28 P.2d 351]; *Humboldt Savings Bank* v. *McCleverty*, 161 Cal. 285, 290 [119 P. 82].)

Applying the foregoing rule to the facts in the present case, it is evident that since neither the complaint nor the proposed amended complaint contained an allegation showing that plaintiffs had paid their obligation, or offered to pay the same,

the complaint and proposed amended complaint failed to state a cause of action. Therefore the demurrer to the complaint was properly sustained, and the order denying plaintiffs permission to file a proposed amended complaint was correct.

In view of our conclusions, it is unnecessary to discuss the other questions presented by plaintiffs. However, most of the propositions which plaintiffs urge have been disposed of by us, adversely to their contentions, in *Hamilton* v. *Carpenter*, 52 Cal.App.2d 477 [126 P.2d 395].

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

A petition for a rehearing was denied June 30, 1943, and appellants' petition for a hearing by the Supreme Court was denied August 5, 1943.