[Civ. No. 14974.   Second Dist., Div. Two.   Nov. 9, 1945.]

L. E. CARPENTER et al., Appellants, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent.

L. E. Carpenter and Margaret B. Carpenter, in pro. per., for Appellants.

Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Respondent.

MOORE, P. J.—Plaintiffs brought this action against the trustee under a deed of trust to recover damages by reason of its failure or refusal to proceed with the sale of the property described in the conveyance after notice of default and election to sell under the instrument had been recorded and the note and trust deed had been delivered to the trustee. A general demurrer was sustained without leave to amend and the judgment of dismissal was entered from which comes this appeal.

The substance of the complaint is as follows: Plaintiffs executed a deed of trust to secure their promissory note in the sum of $7,500 dated April 24, 1935, in favor of one Hamilton, the beneficiary under the deed of trust; thereafter

Hamilton recorded a notice of default and election to sell on May 29, 1937; the trustee did not mail a copy of the notice of default to plaintiffs; on August 24, 1937, the beneficiary executed and delivered to the trustee a "rescission of notice of breach and election to sell," which the trustee recorded and thereupon returned to Hamilton his deed of trust and note; on September 17, 1937, Hamilton brought an action to foreclose the deed of trust as a mortgage; pursuant to such action judgment was entered and the property was sold in satisfaction thereof on December 3, 1940; the trustee did not notify plaintiffs of the execution and recordation of the notice of default and election to sell or of the recordation of the rescission of such notice or of the return of the deed of trust and note to Hamilton, nor did plaintiffs learn of such facts until after the trial of the foreclosure suit, to wit, on or about May 1, 1941; notwithstanding respondent was a defendant in the foreclosure action it made no defense; plaintiffs have been damaged by reason of the defendant's failure to proceed with the trustee's sale under the declaration of default in a sum exceeding $3,000 for costs and attorneys fees resulting from the foreclosure proceedings and in the sum of $11,000, the difference between the sum for which plaintiffs could have purchased the property at trustee's sale and the present reasonable market value of the property.

The theory and the argument of the appellants are that after the notice of default and election to sell had been recorded by the trustee it became mandatory upon the trustee to proceed with the sale of the trust property; that it had no power to rescind the notice of default and election to sell without the concurrent consent of both the beneficiary and the trustors; that trustors had the right to the benefit of any sale that might have been made of the trust property under the deed of trust and that the beneficiary was entitled to receive from the proceeds of such sale only the amount due under the note plus costs of sale; that the balance of such proceeds would have been payable to the trustors; that in executing the power of sale under a trust deed the trustee must proceed with the highest element of good faith to procure not only the amount due the beneficiary but also any sums possible over and above the latter's claim; that the beneficiary has no rights except to enforce the sale; that the trustee may not proceed in any manner except as expressly

granted by the trust deed; that such instrument makes no provision for the abandonment of the sale after recordation of the notice of default and election to sell or for the abandonment of the sale on the trustee's own motion; that the beneficiary having elected to enforce payment of his note by a trustee's sale was estopped to renounce that remedy and proceed with foreclosure.

In a former action by the same plaintiffs to set aside the judgment which foreclosed the trust deed as a mortgage on the ground of fraud we had occasion to observe "that the beneficiary, under a deed of trust, by delivering to the trustee a declaration of default and election to proceed according to the power of sale contained in the trust deed, is not estopped from rescinding the declaration of default and thereafter electing to pursue the alternative remedy of enforcing the obligation, to secure which the deed of trust was executed, by filing an action to foreclose the deed of trust as a mortgage pursuant to the terms of section 725a of the Code of Civil Procedure." (*Carpenter* v. *Hamilton*, 59 Cal.App.2d 146, 149 [138 P.2d 353].) It was similarly, though inversely, held in *Mayhall* v. *Eppinger*, 137 Cal. 5 [69 P. 489], that the trustee under a deed of trust might proceed with the sale of the property under the power of sale notwithstanding the pendency of an action to foreclose the instrument as a mortgage without the necessity of dismissing the court action. In *Felton* v. *LeBreton*, 92 Cal. 457 [28 P. 490], it was held that a deed of trust such as that before us is in effect only a mortgage with a power of sale, and the grantee may have foreclosure and sale thereof under a decree of court without making a sale under the power. Since *Bell Silver & C. Mining Co.* v. *First National Bank*, 156 U.S. 470 [15 S.Ct. 440, 39 L.Ed. 497], it has been customary in the form and content of such trust deeds to provide for the foreclosure thereof either by court action or by a trustee's sale at the option of the trustee or beneficiary. (*McDonald* v. *Smoke Creek Live Stock Co.*, 209 Cal. 231, 236 [286 P. 693].)

■ By virtue of his giving notice of default and requesting defendant to record the notice and to sell the property at public sale, Hamilton did not thereby *elect* to foreclose the trust deed by the trustee. ■ The election of remedies is a specific application of the doctrine of estoppel, but a change of remedies does not signify an election unless

the change involves a prejudice to the adversary party. (*Commercial Centre Realty Co.* v. *Superior Court,* 7 Cal.2d 121, 129 [59 P.2d 978, 107 A.L.R. 714].) ██ Even before the enactment of section 725a (Code Civ. Proc.) the holder of a trust deed could foreclose it by either method. Since the advent of that section the beneficiary has two statutory concurrent remedies, one by legal action of foreclosure and the other by the trustee's sale. (*Flack* v. *Boland,* 11 Cal.2d 103 [77 P.2d 1090].) He may proceed with either or both at the same time and may effectively consummate that which he chooses to enforce. It follows that the trustor in default under a deed of trust has no authority to require enforcement by trustee's sale because that remedy may be more pleasing to him. The beneficiary is vested with the right of enforcement and the privilege of choosing the remedy while the trustor may neither designate the time of foreclosure sale nor the time when the notice of default shall be recorded. (*Flack* v. *Boland, supra.*) When the trustor becomes in default on his debt, if he does not program with his creditor in the matter of the sale of his property he may suffer an inconvenience of which he may in vain complain to the courts.

██ There was no obligation upon the trustee to appear and defend the foreclosure action. It was not an interested trustee in the technical meaning of that term. Under an ordinary trust deed the trustee is only a functionary of limited power, under a type of mortgage conferring upon him the power to convey under the prescribed conditions. He has no right to complain if the beneficiary ignores him and proceeds to foreclose the trust deed as a mortgage. (*Field* v. *Acres,* 9 Cal.2d 110, 113 [69 P.2d 422].)

██ Appellants cite no authority for their demand for damages because of either the unpaid deficiency or the asserted loss due to the increase in value of their erstwhile property. On the contrary it is held that such sums are not recoverable. (*Scott* v. *Security Title Insurance & Guaranty Co.,* 9 Cal.2d 606 [72 P.2d 143, 117 A.L.R. 1049].) At the maturity of their note appellants were privileged to pay the principal of the debt with accrued interest and thereby be relieved from all avoidable costs whatsoever. (*Sondel* v. *Arnold,* 2 Cal.2d 87 [39 P.2d 793].) Their misfortunes have stemmed solely from their own default in the performance of a simple obligation to pay money at a specified time. The unhappy predicament in which they found themselves as a

result of what they deemed to be the fraud of others might readily have been obviated by the payment or the tender of payment of their debt without forfeiting any action for injustices theretofore suffered. Instead of pursuing this clearcut and simple course they have enlarged the records of the courts with numerous actions and appeals growing out of an ordinary transaction in which they have unsuccessfully sought relief through all the courts of this state, with petitions in some instances for review to the United States Supreme Court. (*Carpenter* v. *Hamilton,* 18 Cal.App.2d 69 [62 P.2d 1397]; *Hamilton* v. *Carpenter,* 15 Cal.2d 130, 131 [98 P.2d 1027]; *Carpenter* v. *Hamilton,* 311 U.S. 656 [61 S.Ct. 10, 85 L.Ed. 420]; *Carpenter* v. *Superior Court,* 312 U.S. 705 [61 S.Ct. 825, 85 L.Ed. 1138]; *Hamilton* v. *Carpenter,* 52 Cal.App.2d 447 [126 P.2d 395]; *Hamilton* v. *Carpenter,* 52 Cal.App.2d 449 [126 P.2d 397]; *Carpenter* v. *Hamilton,* 59 Cal.App.2d 146, 147 [138 P.2d 353]; *Carpenter* v. *Hamilton,* 59 Cal.App.2d 149 [138 P.2d 355]; *Carpenter* v. *Hamilton,* 24 Cal.2d 95 [147 P.2d 563, 153 A.L.R. 733].)

█ The sections of the Civil Code as well as the authorities cited by appellants (Civ. Code, §§ 863 et seq.; *Tyler* v. *Granger,* 48 Cal. 259; *Estate of Delaney,* 49 Cal. 76; *Ward* v. *Waterman,* 85 Cal. 488 [24 P. 930]; *Nichols* v. *Emery,* 109 Cal. 323 [41 P. 1089, 50 Am.St.Rep. 43]; *Blackburn* v. *Webb,* 133 Cal. 420 [65 P. 952]; *Gilbert* v. *Penfield,* 124 Cal. 234 [56 P. 1107]; 25 Cal.Jur. § 67, p. 83) do not apply to problems arising under trust deeds. They relate to express trusts for the benefit of third persons whereas a deed of trust is merely an instrument of security. (*Touli* v. *Santa Cruz County Title Co.,* 20 Cal.App.2d 495 [67 P.2d 404]; *Blair* v. *Blair,* 44 Cal.App.2d 140, 146 [112 P.2d 39].)

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.

A petition for a rehearing was denied November 27, 1945, and appellants' petition for a hearing by the Supreme Court was denied January 7, 1946.