74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver For
Mission Viejo National Bank,
Plaintiff-Counter-Defendant-Appellee,
v.
Herbert B. AVERY; Maunaloa T. Avery,
Defendants-Counter-Claimants-Appellees.
 No. 94-55602.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 15, 1995.
Decided Jan. 11, 1996.
 
 1
 Before: SCHROEDER, FERGUSON, and O'SCANNLAIN Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Dr. Herbert and Maunaloa Avery appeal pro se the district court's judgment in favor of the plaintiff, the Federal Deposit Insurance Corporation. The FDIC, as receiver for Mission Viejo National Bank, brought an action to foreclose upon a deed of trust on the Averys' residence and commercial property, which provided the security for a $900,000 bank loan to the Averys. The district court entered judgment ordering that the FDIC recover the loan principal with interest, late charges, attorneys' fees, and costs. The court also held that the FDIC had a right to collect a deficiency judgment, if necessary, following the sale of the properties. The Averys timely appealed.
 
 
 4
 Since both parties are familiar with the procedural and factual background of this case, we will not repeat it here. We AFFIRM.
 
 I. DISCUSSION[1]
 
 5
 The Averys assert several claims on appeal, we will address each in turn.[2]
 
 A. Jurisdiction
 
 6
 The Averys contend that the district court lacked subject matter jurisdiction. The district court had jurisdiction pursuant to 12 U.S.C. Sec. 1819(b)(2) because the FDIC is a party to the action. See Bullion Serv., Inc. v. Valley State Bank, 50 F.3d 705, 707 (9th Cir.1995) (recognizing that except for the state law exception of Sec. 1819(b)(2)(D), any case in which the FDIC is a party is deemed to arise under the laws of the United States). Under the removal provision of the statute, 12 U.S.C. Sec. 1819(b)(2)(B), the FDIC may remove a state action to federal court within 90 days of the date the FDIC is substituted as a party.
 
 
 7
 In the case at bar, Mission Viejo Bank filed suit in state court on September 8, 1991, naming the Averys as defendants. On February 28, 1992, the FDIC was appointed as receiver for Mission Viejo Bank. Subsequently, the FDIC was substituted as a party to this suit on July 6, 1992. The FDIC properly removed the case from state court pursuant to 12 U.S.C. Sec. 1819(b)(2)(B) on July 7, 1992. We have jurisdiction under 28 U.S.C. Sec. 1291.
 
 B. One Action Rule
 
 8
 The Averys contend that the district court erred by exercising jurisdiction in this case because this action violated the California "one form of action" rule. California Code of Civil Procedure Sec. 726 states: "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter...." Cal.Civ.Proc.Code Sec. 726(a) (West 1995). Under California law, a creditor may cancel an election to sell in a nonjudicial foreclosure and then later bring a judicial foreclosure proceeding. Carpenter v. Hamilton, 138 P.2d 353, 354 (Cal.Ct.App.1943); Carpenter v. Title Ins. & Trust Co., 163 P.2d 73, 76 (Cal.Ct.App.1945). Therefore, the district court's exercise of jurisdiction did not violate the "one form of action" rule because the bank first began a nonjudicial foreclosure action, which it later withdrew, before it properly filed this judicial foreclosure action. See Cal.Civ.Proc.Code Sec. 725a (West 1995).
 
 C. Foreclosure
 
 9
 The Averys argue that the district court erred in foreclosing the deed of trust because the deed of trust was not valid and enforceable. There is no support in the record for the Averys' assertion that the deed of trust was canceled or void. Moreover, the Averys' allegations of impropriety in the foreclosure proceedings are not supported by any evidence in the record. The district court made the following factual findings: 1) the Averys obtained a loan in the principal amount of $900,000.00 from Mission Viejo Bank; 2) the loan was evidenced by a promissory note; 3) the Averys executed a deed of trust which conveyed to the bank the Averys' interest in two parcels of real property to secure the Averys' obligations under the promissory note; 4) the Averys breached the terms of the promissory note and the deed of trust; 5) as a result of the breach by the Averys, FDIC, as receiver for Mission Viejo Bank, is entitled to an order of judicial foreclosure. These factual findings are supported by evidence in the record and are not clearly erroneous. Therefore, the district court did not err in foreclosing the mortgage and establishing the amount owed by the Averys.
 
 
 10
 D. Truth in Lending Act, 15 U.S.C. Sec. 1601, et seq.
 
 1. Application of the Truth-in-Lending Act
 
 11
 The Averys argue that the Truth-in-Lending Act, 15 U.S.C. Sec. 1601, et seq. (1982) ("TILA"), applies to their loan[3] and that Mission Viejo Bank violated TILA by not giving the Averys the required Notice of Right to Cancel. 15 U.S.C. Sec. 1635(a) (1982). A lender's violation of TILA allows the borrower to rescind a consumer loan secured by the borrower's primary dwelling. Id. The district court made a factual finding that the Averys were provided with two copies of a Notice of Right to Cancel the loan on or about September 6, 1990, which was the date of the execution of the note and deed of trust. These findings are not clearly erroneous.
 
 
 12
 Nonetheless, the district court declined to decide whether TILA applied to the Averys' loan because even if TILA applied, the Averys effectively waived their right to rescind the loan transaction. Based on the same reasoning employed by the district court, we also find it unnecessary to decide this issue.
 
 2. Waiver of the Right to Rescind
 
 13
 TILA gives the consumer a three-day right to rescind a credit transaction. 15 U.S.C. Sec. 1635(a); 12 C.F.R. Sec. 226.23(a) (1995). Under TILA the right to rescind a loan may be waived if a consumer determines that the extension of credit is needed to meet a bona fide personal financial emergency. 15 U.S.C. Sec. 1635(d); 12 C.F.R. Sec. 226.23(e). The district court made the following factual findings: 1) On or about September 16, 1990, Herbert Avery hand-wrote a letter to Empire Financial,[4] requesting that the three day rescission period be waived; and 2) In his letter to Empire Financial, Dr. Avery stated that the request to waive the three day rescission period was necessitated by a need of the Averys to refinance their property and to prevent a foreclosure sale scheduled for Friday, September 7, 1990. The district court held that Dr. Avery was acting on his own behalf and as an agent for Mrs. Avery, in executing the waiver letter to Empire Financial. Although the TILA regulation, 12 C.F.R. Sec. 226.23(e), states that a waiver should bear the signatures of all consumers entitled to rescind, we agree with the district court that nothing in the regulation prohibits a consumer who is entitled to rescind from acting through an agent. Therefore, even if TILA applied to the Averys' loan transaction, the Averys waived their right to rescind.
 
 E. Due Process Claims
 
 14
 The Averys contend that the trial was unfair. The district court in its denial of the Averys' motion for a new trial found that the Averys were not denied due process. As the district court noted:
 
 
 15
 The Averys' failure to prepare for trial was of their, or their agent's, own doing. And they are bound by the actions of their own attorneys and agents. They had ample notice of the trial date and that it would not be continued. If they believe that their former counsel breached some duty to them, that is a matter between the Averys and their former attorney; it is not a matter of due process or a fair trial.
 
 
 16
 Furthermore, there is no evidence in the record to support the Averys' due process claims.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Averys submitted "Excerpts of Record" to this court. Many of the documents contained in the Averys' excerpts were not admitted at trial. As an appellate court, we can only consider evidence included in the record. See Fed.R.App.P. 10(a); 9th Cir.R. 10-2; Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077-78 (9th Cir.1988)
 
 
 [2]
 The Averys appear to raise additional issues in their reply brief. We do not consider these issues because issues that are raised for the first time in the reply brief are waived. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990); Thompson v. Commissioner, 631 F.2d 642, 649 (9th Cir.1980), cert. denied, 452 U.S. 961 (1981)
 
 
 [3]
 Generally, TILA applies to consumer credit transactions, defined by the statute as, "primarily for personal, family or household purposes." 15 U.S.C. Sec. 1602(h) (1982). Loans made for business or commercial purposes are exempted from the provisions of TILA. 15 U.S.C. Sec. 1603(1) (1982); 12 C.F.R. Sec. 226.3(a)(1) (1995)
 
 
 [4]
 Empire Financial acted as the loan broker in the transaction