[Civ. No. 20765. First Dist., Div. Two. Apr. 16, 1963.]

RICHARD FLEISHER, Plaintiff and Appellant, v. CONTINENTAL AUXILIARY COMPANY, Defendant and Respondent.

Falk & Falk, Harry W. Falk and Charles E. Buxton for Plaintiff and Appellant.

Samuel B. Stewart, Charles E. Cooper, Theodore Sachsman and Albert L. Boasberg for Defendant and Respondent.

AGEE, J.—Plaintiff appeals from a judgment of dismissal which was rendered after he elected not to amend his complaint, following the sustaining of a general demurrer thereto. The complaint alleged facts which are summarized as follows:

On April 22, 1960, plaintiff executed and delivered to the Bank of America his promissory note for $13,133.19, and as security therefor, he executed a deed of trust upon real property which he owned, and which was valued in excess of $15,-000. Defendant was named trustee.

On April 27, 1960, plaintiff deeded the real property to one Hansen, Jr. subject to the deed of trust. On October 24, 1960, Hansen, Jr. conveyed the property to Hansen Pacific Corporation, subject to the deed of trust. On November 10, 1960, approximately two weeks later, the corporation was adjudged a bankrupt and its assets were sold in the ensuing bankruptcy proceedings.

On May 27, 1960, just one month after plaintiff had conveyed to Hansen, defendant had executed and delivered to the beneficiary of the trust deed (the bank) a reconveyance of the deed of trust. Defendant executed the reconveyance at the express written request of the bank. It did so with no evidence that the note had been paid; in fact, the note at the time was fully unpaid.

By reason of the reconveyance and the bankruptcy sale, the property became lost as security for the payment of the original note. Plaintiff learned of the reconveyance and the subsequent events on December 16, 1960, at which time the bank called upon him for payment of the note. He then paid the bank $3,706.94 in cash and executed a new note for $10,000 as payment of principal and interest on the original note.

The gravamen of plaintiff's cause of action is stated in paragraph X of his complaint: "That said Deed of Reconveyance was executed and delivered by defendant to Bank of America, National Trust and Savings Association *in violation of its trust as Trustee,* under said Deed of Trust, *and without any evidence of payment in full of all sums secured thereby.*" (Italics ours.)

Plaintiff made no further allegations of either fraud, bad faith, or carelessness. When defendant's demurrer was sustained with leave to amend, plaintiff elected not to amend during the prescribed period (2 Witkin, California Procedure, Pleading, § 504, p. 1496), presumably because he could allege no further facts in support of a cause of action. (*Goldtree* v. *Spreckels,* 135 Cal. 666, 672 [67 P. 1091].)

 Clause 3 of the deed of trust, a copy of which was attached to the complaint and incorporated therein by reference, provides in part as follows: "Trustee may . ... upon the written request of Beneficiary [bank] . . . (d) reconvey, without any warranty, all or any part of the property."

It has been conceded by the plaintiff that the trustee did in fact receive a written request from the bank, and that the reconveyance was executed pursuant thereto. In no place in the deed of trust is the right of the trustee to reconvey *expressly* limited by a condition precedent of knowledge or inquiry into whether the indebtedness has been paid.

Therefore, it is clear that the delivery of the reconveyance of the security to the bank was not in contravention of the trust deed, but to the contrary was expressly permitted. For this reason, Civil Code section 870[1], which is cited by plaintiff in his opening brief, is not in point.

Neither is *Firato* v. *Tuttle* (1957) 48 Cal.2d 136 [308 P.2d 333], which involved a reconveyance of the trust property in *direct contravention* of the trust deed. In that case the trustee, a real estate broker, was authorized to reconvey only if the loan had been paid in full, but instead she executed a deed of reconveyance when the major portion of the loan had not been repaid and fraudulently recited therein that full payment had been received.

It is argued by plaintiff that the reconveyance was invalid because it violated the "general duties of a trustee" and the

---

[1]This section provides as follows: "Where a trust in relation to real property is expressed in the instrument creating the estate every transfer or other act of the trustees, in contravention of the trust, is absolutely void."

"specific duty of a trustee as to release of property." Plaintiff cites merely a series of cases from foreign jurisdictions to establish these "general duties," but these cases do no more than reiterate what is the well established concept of the trustee's function and duty in general in a trust deed situation.

Thus, California cases hold that a trustee in a deed of trust does not assume the normal obligations of a trustee (*Ainsa* v. *Mercantile Trust Co.* (1917) 174 Cal. 504, 510 [163 P. 898]; *Field* v. *Acres* (1937) 9 Cal.2d 110, 113 [69 P.2d 422]; 1 Witkin, Summary of California Law, Security Transactions in Real Property, § 3, p. 701), as the word is used in its technical sense (*Carpenter* v. *Title Ins. & Trust Co.* (1945) 71 Cal.App.2d 593, 597 [163 P.2d 73]).

Rather, such a trustee serves as a kind of agent for both the trustor and the beneficiary. (*Sohn* v. *California Pac. Title Ins. Co.* (1954) 124 Cal.App.2d 757, 766 [269 P.2d 223]; *Lancaster Security Inv. Corp.* v. *Kessler* (1958) 159 Cal.App.2d 649, 656 [324 P.2d 634].) He is merely a "functionary of limited power, under a type of mortgage conferring upon him the power to convey under the prescribed conditions." (*Carpenter* v. *Title Ins. & Trust Co., supra,* p. 597.)

Furthermore, he is bound to follow provisions of a contract or stipulation of the parties, the trust deed, and rules of law applicable thereto. (*Sohn* v. *California Pac. Title Ins. Co., supra,* p. 766.)

The deed of trust here clearly authorizes the trustee to reconvey the security at the written request of the beneficiary. Plaintiff trustor makes no allegations of fraud, deceit or bad faith which are normally relied on in a suit for breach of the trustee's duties. (See for example, *Scott* v. *Security Title Ins. & Guar. Co.* (1937) 9 Cal.2d 606, 613 [72 P.2d 143, 117 A.L.R. 1049].)

Without more, the case authority in California does not support the imposition of any further duty on the trustee, such as to make inquiry as to the status of the underlying debt before making a reconveyance.

*Lennartz* v. *Estate of Peter Popp* (1905) 118 Ill.App. 31, and *Hendry* v. *Title Guarantee & Trust Co.* (1938) 225 App. Div. 497 [8 N.Y.S.2d 164], cited by plaintiff to establish a "special duty," are not in point. In Lennartz the trustee released the trust in direct contravention of an express clause in the trust deed. In *Hendry,* a mortgage was involved. The trust company released part of the security, in the form

of the rights to a condemnation award, to the mortgagor, thereby damaging the interests of the plaintiffs who were investors in the mortgage.

Finally, appellant argues in his brief that the power conferred upon the trustee by clause 3 of the trust deed is a discretionary power, as pointed up by comparing it to clause 4 of the deed. That section refers to the reconveyance of the property after the debt has been fully paid, and it imposes a duty upon the trustee to give back the trust property "[u]pon payment in full of all sums secured hereby, and performance of all obligations of the Trustor hereunder, the Trustee *shall* reconvey, without warranty, the estate vested in it hereby."

The point of the argument is simply that this discretionary power must be exercised with diligence and care. However, such an argument adds nothing to the above authorities and concepts which establish the general standard of care of a trustee in a deed of trust. The fact remains that the trustee was acting in simple compliance with a term of the deed of trust. No facts have been pleaded or alleged to indicate that such an act was performed with fraud or bad faith, and it may be inferred that none occurred.

It does not appear therefore that the trustee was under a duty to either inquire into the status of the debt here, or to notify the trustor of the bank's request. Its compliance with the request was clearly authorized by the deed of trust. Consequently the court below was correct in concluding that a cause of action had not been stated.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.