[No. D029007. Fourth Dist., Div. One. June 17, 1999.]

HARRY VOURNAS, as Trustee, etc., Plaintiff and Appellant, v.
FIDELITY NATIONAL TITLE INSURANCE COMPANY, Defendant and
Respondent.

**COUNSEL**

Gartenberg Jaffe Gelfand & Stein, Edward Gartenberg and Torgny R. Nilsson for Plaintiff and Appellant.

Terrance W. Stowe for Defendant and Repondent.

**OPINION**

**McDONALD, J.**—A successor trustee of an express trust (the trust) sued Fidelity National Title Insurance Company (Fidelity). The complaint alleged Fidelity negligently breached its duties to the trust. Fidelity obtained summary judgment. The successor trustee timely filed this appeal. We affirm the judgment.

# I

## FACTS

In the mid-1980's Mr. Skouras, the trustee of the trust, sold three parcels of trust real property. Fidelity was the escrow holder and title insurer for the sales and the trustee of deeds of trust securing purchase money notes payable to the trust that financed the sale of the properties to the buyers.

The trust provisions required Skouras to obtain consent of at least two of the trust beneficiaries before selling trust property.[1] Skouras made all three sales without the knowledge or consent of the trust beneficiaries and diverted the sales proceeds to his own use.

# II

## THE LAWSUIT

In 1994 the trust beneficiaries discovered Skouras's unauthorized sales of trust properties. In October 1994 they removed Skouras as trustee and appointed a successor trustee. The successor trustee[2] filed this action against Fidelity, seeking damages based on Fidelity's alleged negligence. Appellant alleged that Fidelity had a duty to determine whether Skouras had obtained the beneficiaries' consent to the sales, that Fidelity negligently breached that duty, that as a result of Fidelity's negligence Skouras was allowed to transfer the trust properties without the beneficiaries' consent, and that the trust was damaged in the amount of the value of the properties.

Fidelity moved for summary judgment, arguing that it owed no duty to the beneficiaries and that it was entitled to the statutory protections afforded by Probate Code[3] sections 18100 and 18101. Appellant opposed the motion, arguing that: (1) Fidelity owed duties of care to the trust in Fidelity's capacities as escrow holder, title insurer, and trustee under the deeds of trust and there were triable issues of fact whether Fidelity breached those duties of care; and, (2) neither the Probate Code nor the provisions of the trust instrument immunized Fidelity from liability for its negligence.

The trial court granted Fidelity's motion for summary judgment and denied appellant's motion for a new trial. Appellant filed this appeal.

---

[1]Article II-F-3 of the trust instrument provided that the trustee "shall obtain the written approval of at least two [trust beneficiaries] before: [¶] . . . [s]elling any trust assets at that time producing or required to produce income . . . ."

[2]The successor trustee who filed the action was Mr. Oldknow. However, Mr. Vournas was later substituted for Mr. Oldknow as the successor trustee and as plaintiff/appellant in this action. For ease of reference we will refer to the successor trustee as "appellant."

[3]All statutory references are to the Probate Code unless otherwise specified.

## III

### DISCUSSION

A. *Standard of Review*

■ The purpose of summary judgment is to penetrate through the pleadings to ascertain, by means of affidavits, the presence or absence of triable issues of material fact. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].) The trial judge determines whether triable issues exist by examining the affidavits and evidence, including any reasonable inferences that may be drawn from the facts. (*People* v. *Rath Packing Co.* (1974) 44 Cal.App.3d 56, 61-64 [118 Cal.Rptr. 438].) In examining the affidavits, those of the moving party are strictly construed and those of the opposing party liberally construed. Any doubts as to the propriety of granting the motion are resolved in favor of the party resisting the motion. (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

If the motion for summary judgment is supported by affidavits sufficient to sustain the motion, the burden shifts to the party opposing the motion to show that triable issues of material fact exist. (*Chern* v. *Bank of America* (1976) 15 Cal.3d 866, 873 [127 Cal.Rptr. 110, 544 P.2d 1310].) A party cannot avoid summary judgment based on mere speculation and conjecture (*Pena* v. *W. H. Douthitt Steel & Supply Co.* (1986) 179 Cal.App.3d 924, 931 [225 Cal.Rptr. 76]), but instead must produce admissible evidence raising a triable issue of material fact. (*Craig Corp.* v. *County of Los Angeles* (1975) 51 Cal.App.3d 909, 915 [124 Cal.Rptr. 621].)

■ In a negligence action, the existence of a duty of care owed by a defendant to a plaintiff is a legal issue that is particularly amenable to resolution on summary judgment. (*Parsons* v. *Crown Disposal Co.* (1997) 15 Cal.4th 456, 464-465 [63 Cal.Rptr.2d 291, 936 P.2d 70].) A defendant in a negligence action may obtain summary judgment by demonstrating that the evidence shows it owed no duty to the plaintiff that could have been breached. (*Linden Partners* v. *Wilshire Linden Associates* (1998) 62 Cal.App.4th 508, 516-522 [73 Cal.Rptr.2d 708].)

B. *Fidelity Did Not Owe Appellant a Duty to Investigate Whether Skouras Had Obtained the Consent of the Trust Beneficiaries to the Sales*

■ Appellant alleged that Fidelity as escrow holder, title insurer and deed of trust trustee assisted Skouras's sale of the trust properties and owed

a duty to appellant and to the beneficiaries of the trust to investigate and determine whether Skouras had obtained the required beneficiary consent. However, under applicable trust principles, the trustee of the trust is vested with legal title to the trust property. When third parties deal with the trustee in connection with trust property, section 18100 provides that: "With respect to a third person dealing with a trustee *or assisting a trustee in the conduct of a transaction,* if the third person acts in good faith and for a valuable consideration and without actual knowledge that the trustee is exceeding the trustee's powers or improperly exercising them: [¶] (a) The third person is not bound to inquire whether the trustee has power to act or is properly exercising a power and may assume without inquiry the existence of a trust power and its proper exercise. [¶] (b) The third person is fully protected in dealing with or assisting the trustee just as if the trustee has and is properly exercising the power the trustee purports to exercise." (Italics added.)

Section 18100 was specifically adopted to change the prior law that placed third parties on constructive or inquiry notice of possible breaches of the trust.[4] Section 18100 protects third parties who deal with or assist the trustee by excusing them from investigating and permitting them to assume " 'the existence of a trust power and its proper exercise,' " except where the third parties have actual knowledge of a breach of the trust.[5] (*Adler* v. *Manor Healthcare Corp.* (1992) 7 Cal.App.4th 1110, 1114-1116 [9 Cal.Rptr.2d 732], quoting § 18100.)

The complaint does not allege and appellant did not show that Fidelity had actual knowledge Skouras was acting in violation of the trust provisions, did

---

[4]Section 18100 replaced former Civil Code section 2243, which the courts had interpreted as creating a duty of inquiry, thus making constructive notice as binding on third party purchasers as actual notice. (See, e.g., *Central Construction Co.* v. *Hartman* (1935) 7 Cal.App.2d 703, 708-710 [47 P.2d 484]; Cal. Law Revision Com. com., 54A West's Ann. Prob. Code (1991 ed.) foll. § 18100, p. 241.) In recommending replacement of former Civil Code section 2243 with section 18100, the Law Revision Commission expressly stated the intent of the new law was to give greater protection to third parties in transactions involving trust property. The report states: "The proposed law protects a third person who acts in good faith and for a valuable consideration unless the third person has actual knowledge that the trustee is improperly exercising powers under the trust. Constructive knowledge or inquiry notice of the trustee's powers is not sufficient to deprive a good faith transferee of protection." (Recommendation Proposing The Trust Law (Dec. 1985) 18 Cal. Law Revision Com. Rep. (1986) p. 593.)

[5]The trust instrument contains language providing similar immunities to third persons. Article V, paragraph C provided: "No corporation, transfer agent, or other person dealing with the trust shall be obligated to see to the application of any money or property delivered to such Trustee, or to examine into the terms upon which any property is held by the Trustee, but any such corporation, transfer agent or other person may deal with any such property and with the Trustee as if such Trustee were the owner thereof free of any trust."

not act in good faith or acted without consideration.[6] Because the statutory scheme exempts third parties from a duty to investigate, Fidelity breached no duty owed to appellant.[7]

## C. *The Duties Owed by Fidelity Do Not Supersede the Statutory Scheme*

Appellant appears to argue that notwithstanding section 18100, Fidelity in each of its three capacities undertook duties it then breached. We examine each of appellant's claims.

### 1. *Duty Owed by Fidelity as Escrow Holder*

■ An escrow holder, as a dual agent of the parties to the escrow, owes duties to the parties to the escrow. However, those duties are limited. The primary duty owed by an escrow holder is to strictly and faithfully perform the instructions given to it by the parties to the escrow. (2 Miller & Starr, Cal. Real Estate (2d ed. 1989) Escrows, § 5:22, pp. 442-449.) ■ Appellant neither appended the escrow instructions involved in the trust property sales to his opposition to the motion for summary judgment, nor alleged Fidelity did not faithfully perform those escrow instructions.

Appellant instead alleges that Fidelity, as an escrow holder, breached its fiduciary duty by not informing the parties to the escrows of the "beneficiary consent" provisions of the trust instrument. Even assuming Fidelity owed that duty of disclosure,[8] that duty was owed to the parties to the escrow. The parties to the escrows were Skouras, as seller, and the respective buyers. When an escrow holder knows the seller is relying on him for protection as

---

[6]Although appellant asserts on appeal that there are triable issues of fact whether Fidelity had actual knowledge of Skouras's lack of authority, appellant did not submit evidence below supporting that contention. More importantly, appellant may not defeat a summary judgment motion by producing evidence to support claims that are outside the issues framed by the pleadings. (*Robinson* v. *Hewlett-Packard Corp.* (1986) 183 Cal.App.3d 1108, 1131-1132 [228 Cal.Rptr. 591]; *City of Hope Nat. Medical Center* v. *Superior Court* (1992) 8 Cal.App.4th 633, 639 [10 Cal.Rptr.2d 465].)

[7]Appellant argues the court did not rely on section 18100 to grant Fidelity's motion for summary judgment. However, we review the ruling, not its rationale, and affirm if the summary judgment is correct, regardless of the rationale articulated by the trial court. (*Szadolci* v. *Hollywood Park Operating Co.* (1993) 14 Cal.App.4th 16, 19 [17 Cal.Rptr.2d 356]; *Soto* v. *State of California* (1997) 56 Cal.App.4th 196, 199 [65 Cal.Rptr.2d 11].)

[8]Appellant quotes *Kirby* v. *Palos Verdes Escrow Co.* (1986) 183 Cal.App.3d 57, 64-65 [227 Cal.Rptr. 785] as holding that "[a]n escrow holder has a fiduciary duty 'to communicate to his principal knowledge acquired in the course of his agency with respect to material facts which might affect the principal's decision as to a pending transaction, particularly where . . . he knows that the principal is looking to him for protection as to those very facts of which he has knowledge.' [quoting *Contini* v. *Western Title Ins. Co.* (1974) 40 Cal.App.3d 536, 547 [115 Cal.Rptr. 257].]"

to facts learned by the escrow holder, the escrow holder can be held liable to the seller if he does not disclose those facts to the seller. (See, e.g., *Spaziani v. Millar* (1963) 215 Cal.App.2d 667, 681-685 [30 Cal.Rptr. 658].) However, there is no evidence to suggest Skouras was unaware, much less that Fidelity knew Skouras was unaware, of the "fact" of Skouras's need for beneficiary consent to the sales. Because there is no evidence supporting imposition of a duty of disclosure to the seller, appellant's negligence claim against Fidelity in its capacity as escrow holder is not well taken.[9]

### 2. *Duty Owed by Title Insurer*

Fidelity issued lender's policies of title insurance to Skouras, individually and as trustee for the trust, insuring the priority of the purchase money deeds of trust that Skouras as trustee received from the buyers of the trust properties. Appellant asserts that a title insurer's standard of care, as set forth in the California Land Title Association (CLTA) manual that Fidelity follows, mandates that before a title insurer may issue title insurance in connection with transactions involving a trust, the insurer must review the trust instrument and determine, among other things, whether the trustee has "[a]dequate powers . . . to sell and convey." Appellant contends Fidelity owed this duty to the trust, that Fidelity breached this duty by not investigating whether Skouras had obtained the requisite beneficiaries' consent, and that appellant is therefore entitled to recover from Fidelity.

Appellant misconstrues the nature and limited scope of a title insurer's obligations.   ██   Title insurance is a contract by which the title insurer agrees to indemnify its insured against losses caused by defects in or encumbrances on the title not excepted from coverage. (*Siegel* v. *Fidelity Nat. Title Ins. Co.* (1996) 46 Cal.App.4th 1181, 1191 [54 Cal.Rptr.2d 84].) An insured's claim against his title insurer is under the policy, and an

---

[9]Appellant appears to argue Fidelity breached its duty because it did not disclose to the buyers the beneficiary consent requirement. However, appellant cites no authority holding that an escrow agent's breach of its duty of disclosure to a buyer would entitle the seller to recover damages. The cases cited by appellant are not applicable. In *J'Aire Corp.* v. *Gregory* (1979) 24 Cal.3d 799 [157 Cal.Rptr. 407, 598 P.2d 60] the court held third parties could recover for negligent performance of a contract. However, *J'Aire* turned primarily on the determination that the contractual undertaking was intended to and did directly benefit the plaintiff. (*Id.* at pp. 803-804.) Here, Fidelity's escrow activities on behalf of the buyer were not designed or intended to benefit the trust. *Builder's Control Service of No. Cal., Inc.* v. *North American Title Guar. Co.* (1962) 205 Cal.App.2d 68 [22 Cal.Rptr. 712] stands for the mundane proposition that a holder of funds who receives notice that the funds are subject to an assignment will be liable if it disburses the funds in violation of the assignment. In *Feinberg* v. *Intrastate Escrow Corp.* (1963) 216 Cal.App.2d 80, 82-84 [30 Cal.Rptr. 781] the court held that a plaintiff, who was the third party beneficiary of an escrow that was secretly canceled, was entitled to recover against the escrow holder under estoppel principles.

insured has no separate claim against a title insurer based on negligence or negligent misrepresentation. (*Southland Title Corp.* v. *Superior Court* (1991) 231 Cal.App.3d 530, 537-538 [282 Cal.Rptr. 425]; *Golden Security Thrift & Loan Assn.* v. *First American Title Ins. Co.* (1997) 53 Cal.App.4th 250, 255-258 [61 Cal.Rptr.2d 442].)

Here, appellant made no claim on the title policy issued by Fidelity insuring the priority of the purchase money deeds of trust. Instead, he argues that Fidelity can be liable based on separate duties allegedly owed by a title insurance company. Appellant cites *Seeley* v. *Seymour* (1987) 190 Cal.App.3d 844 [237 Cal.Rptr. 282] to support his argument that Fidelity, as a title insurance company, owed the trust and beneficiaries separate tort duties as third parties without regard to the contractual arrangements between appellant and Fidelity. In *Seeley*, a title insurance company (Safeco) delivered to the county recorder for recordation a nonrecordable document, which was then recorded. The owner of the real property (Seeley) then sued Safeco for damages allegedly caused by Safeco's negligent recording of a nonrecordable document that clouded title to Seeley's property and impeded a subsequent sale of the property. The *Seeley* court concluded "[i]t is now clear that a defendant can be liable for economic harm inflicted upon a third party with whom he has no direct dealing" and held, under the *J'Aire* six-part test, that Safeco owed a duty of care to Seeley. The court concluded the recorded document was intended to affect Seeley; the document foreseeably would impair his ability to sell the property; and the injury was clear and closely related to recordation of the document. (*Id.* at pp. 860-861.) Finally, although Safeco's negligent action was not morally repugnant, the enterprise of a title insurance company has taken on something of a public character, so public policy favored imposition of liability. (*Id.* at p. 862.)

Here, Fidelity's failure to follow the CLTA manual was not intended to affect the trust.[10] Moreover, section 18100 specifically permits parties assisting a trustee to assume "the existence of a trust power and its proper exercise," suggesting a legislative determination that it is not reasonably foreseeable that the absence of an investigation will facilitate fraud by a fiduciary. Most importantly, *Seeley* did not involve title insurance or an escrow to which the plaintiff was a party, the injury suffered by the trust was caused not by Fidelity's action but by Skouras's action, and the injury is neither clearly nor closely related to Fidelity's lack of investigation.

---

[10]Instead, the procedures outlined in the CLTA manual appear intended to affect or benefit the title insurer. These are guidelines used by Fidelity to make its underwriting decision on whether to issue a title policy, and are designed to guide its employees on steps to take before issuing a policy. Because these steps are designed to reduce the risk to Fidelity that it will be required to pay a claim on a title policy it issues, the CLTA manual outlines duties intended to affect and benefit Fidelity rather than third parties.

The Legislature has eliminated any duty to investigate, and we decline to undercut that legislative determination by a judicial rule that imposes on Fidelity a duty to police the activities of Skouras merely because Fidelity sold a lender's title insurance policy to Skouras. (Cf. *Ott* v. *Alfa-Laval Agri, Inc.* (1995) 31 Cal.App.4th 1439, 1455-1456 [37 Cal.Rptr.2d 790] [declining to extend duty of care under *J'Aire* where "intent to affect" and "reasonable foreseeability of injury" absent.].)

### 3. *Duty Owed by Trustee on Deed of Trust*

Appellant finally argues Fidelity, in its capacity as trustee under the deed of trust securing Skouras's purchase money note to the trust, breached fiduciary obligations owing to the trust.[11] Appellant alleges Fidelity was obligated to confirm that Skouras had repaid the note before reconveying the deed of trust, and that Fidelity breached that obligation because it reconveyed the deed of trust even though the note allegedly was not paid.

The trustee of a deed of trust is not a true trustee, and owes no fiduciary obligations; he merely acts as a common agent for the trustor and the beneficiary of the deed of trust. (*Hatch* v. *Collins* (1990) 225 Cal.App.3d 1104, 1111-1112 [275 Cal.Rptr. 476].) His only duties are: (1) upon default to undertake the steps necessary to foreclose the deed of trust; or (2) upon satisfaction of the secured debt to reconvey the deed of trust. (*Ibid.*) When the beneficiary of a deed of trust informs the trustee that the note has been paid and instructs the trustee to reconvey the deed of trust, the trustee (absent special circumstances not present here—see Civ. Code, § 2941, subd. (c)) is obligated to record the reconveyance within 21 days of its receipt of the pertinent documents. (Civ. Code, § 2941, subd. (b)(1)(A).) Failure to comply with that obligation can subject a trustee to damages (Civ. Code, § 2941, subd. (d)) or criminal liability. (Civ. Code, § 2941.5.)

It is undisputed that the named beneficiary of the deed of trust in question was Skouras as trustee of the trust. It is also conceded that Skouras remained as trustee until 1994 and was still the beneficiary of the deed of trust in 1988 when he informed Fidelity the note had been repaid and instructed Fidelity to reconvey the deed of trust. Appellant's sole argument is that Fidelity had a duty to confirm that the note had been repaid before it reconveyed the deed of trust. However, appellant cites no authority to support that contention, and the law is to the contrary. (See, e.g., *Fleisher* v. *Continental Auxiliary Co.* (1963) 215 Cal.App.2d 136, 138-140 [30 Cal.Rptr.

---

[11]In one of the transactions, Skouras purchased the trust property in his individual capacity and gave the trust a $125,000 note secured by a deed of trust as consideration for the purchase. Fidelity was the trustee under that deed of trust.

137] [when beneficiary instructs trustee to reconvey, trustee has no duty to investigate status of underlying debt before reconveying].)

## IV

### CONCLUSION

Because appellant did not show that Fidelity had actual knowledge of Skouras's unauthorized actions, or that it did not act in good faith without consideration, and applicable principles impose on Fidelity no duty of care that it breached, we conclude summary judgment was proper.

## V

### DISPOSITION

The judgment is affirmed. Fidelity is entitled to costs on appeal.

Work, Acting P. J., and McIntyre, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 29, 1999. Mosk, J., was of the opinion that the petition should be granted.