Filed 9/19/23  Norlund v. Old Republic Title Co. CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| SANDRA NORLUND, Individually and as Trustee, etc., <br><br>        Plaintiff and Appellant, <br><br>   v. <br><br> OLD REPUBLIC TITLE COMPANY, <br><br>        Defendant and Respondent. | C096526 <br><br> (Super. Ct. No. 21CV02257) |

This is an appeal from a judgment of dismissal following the sustaining of a demurrer.  Defendant Old Republic Title Company (Old Republic) was for a time the escrow agent for the distribution of property from a family trust.  It was also the trustee under a deed of trust recorded against the property that purported to secure a promissory note assigned to plaintiff Sandra Norland and her sister, Nancy Hymas.  The payor on the note was Sandra and Nancy's brother, Richard Norland.  Old Republic refused to issue a

1

title insurance policy for the property, allegedly because after it reviewed the deed of trust and had it recorded, it discovered the deed of trust did not in fact secure the note. Old Republic did not disclose its discovery to Sandra. When Richard defaulted on the note, Old Republic refused to initiate nonjudicial foreclosure proceedings.

Sandra brought this action against Old Republic, Richard, and other entities. Old Republic is the only defendant party to this appeal. In her first amended complaint, Sandra alleged Old Republic was liable for fraudulent concealment, constructive fraud, professional negligence, and aiding and abetting Richard's breach of fiduciary duties. The trial court sustained Old Republic's demurrer to the first amended complaint without leave to amend. Old Republic had no duty to disclose to Sandra and owed her no fiduciary duties.

Sandra contends the trial court erred. She claims she sufficiently pleaded her causes of action because (1) Old Republic had a duty to disclose its discovery to her because (a) she was a party to the transaction and Old Republic was the trustee of the deed of trust under which she was the ultimate beneficiary; (b) under the negligent undertaking doctrine Old Republic's actions placed her in peril; and (c) she was a third party beneficiary; and (2) Old Republic aided and abetted Richard's fraud against her.

We affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In an appeal from an order sustaining a demurrer, we assume the truth of all material facts properly pleaded in the complaint, but we do not assume the truth of contentions, deductions, or conclusions of law. (*Aubry v. Tri–City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.)

A dispute arose among family members regarding Trusts A and B of the Norlund Family Trust dated March 6, 1987. Each trust owned an interest in real property located

2

in Baldwin Park, Los Angeles County (the Property). Richard and Sandra served as co-trustees of Trust A, and Richard and Nancy served as co-trustees of Trust B.

The dispute resulted in litigation brought in Butte County Superior Court. Following mediation, the parties agreed to settle their dispute pursuant to a court-approved settlement agreement. The family members agreed among other things to distribute the Property to the trust beneficiaries according to a plan. Sandra and Nancy would resign as co-trustees of Trusts A and B, leaving Richard as the sole trustee of both trusts. In that capacity, Richard would transfer both trusts' interests in the Property to himself by means of grant deeds.

After the grant deeds were recorded, Richard would execute a promissory note in favor of Trusts A and B for the amount of $1,470,000. The note would be secured by a deed of trust recorded against the Property and which was preapproved by Sandra. After the deed of trust was recorded, Richard, acting as trustee of Trusts A and B, would assign the note and deed of trust to Sandra and Nancy.

The settlement agreement required Richard to obtain title insurance for the Property at the time of distribution. Although not required by the settlement agreement, Sandra would receive appropriate documentation so that she could obtain an endorsement extending coverage of the lender's title insurance policy to insure her as an assignee of the note and deed of trust. The Butte County Superior Court reserved jurisdiction under Code of Civil Procedure section 664.6 to enforce the agreement.

Richard opened an escrow account with Old Republic. He executed a promissory note dated May 1, 2019. Under the note, he agreed to pay the holder $7,668.22 each month until June 1, 2022, when a balloon payment for the full unpaid principal and interest was due.

Richard executed a deed of trust also dated May 1, 2019. The deed of trust named Old Republic as the trustee. It stated its purpose was to secure payment on the

3

"promissory note of even date herewith[.]"  It was notarized on October 24, 2019.  Sandra pre-approved it.  Richard, however, did not record it.

Richard executed another deed of trust.  This deed of trust was dated November 27, 2019.  It was notarized the same day by Richard's attorney.  Sandra did not approve this deed.  Other than to state a new date, the November 27 deed of trust made no changes to the May 1 deed of trust.  It continued to name Old Republic as the trustee.  No new promissory note was executed, but the November 27 deed of trust stated its purpose was to secure payment on the "promissory note of even date herewith[.]"

Under cover of letter dated November 27, which is an exhibit to the complaint, Richard's attorney forwarded to Old Republic the relevant deeds and deed of trust as well as copies of the promissory note, the assignments of the promissory note and deed of trust, and the settlement agreement.  The attorney requested Old Republic to issue a title policy to Richard.  He also stated that Sandra and Nancy would want a lender's policy insuring their first position.  He asked to be advised of the fee so he could arrange for them to pay Old Republic.

On December 12, 2019, Richard's attorney requested Old Republic to "correct the deed and transfer document deficiencies."  Richard would be at Old Republic's office on December 17 to sign any of the corrected deeds and documents and to have them recorded.

On December 16, Old Republic informed Richard's attorney that the deeds and deed of trust were available for Richard to pick up.  The next day, Richard recorded the deed of trust he had executed on November 27.  Sandra alleges that Richard and/or his attorney altered the date of the deed of trust to delete the security for the promissory note, and Old Republic missed the alteration when it corrected the deed and transfer document deficiencies during the week of December 12.

The following month, Old Republic informed Richard's attorney it had cancelled the title insurance application based on underwriting concerns.  Sandra alleges Old

4

Republic decided not to issue any title insurance policies because it discovered that the deed of trust it had reviewed and Richard had recorded did not secure the promissory note due to the discrepancy in the dates. Old Republic did not disclose its discovery to Sandra. It maintained at all times that the deed of trust it reviewed and gave to Richard to record on December 17 in fact secured the promissory note.

Richard later defaulted on the note, and Old Republic refused to proceed with a nonjudicial foreclosure.

Sandra brought this action against Richard and Old Republic. In her first amended complaint, which is the operative pleading, she alleged Richard breached the settlement agreement in numerous respects, including by recording the defective deed, not obtaining title insurance on the transaction to secure clean title, not providing Sandra with the documentation necessary for her to obtain an endorsement extending coverage of the lender's title insurance policy to insure her as an assignee, canceling the escrow, and by defaulting on the note.

Sandra also alleged causes of action against Old Republic and Richard for fraudulent concealment and constructive fraud, and against Old Republic for professional negligence and aiding and abetting Richard's violation of a fiduciary duty.

The trial court overruled Richard's demurrer but granted in part his anti-SLAPP motion against the first amended complaint. The claims against Richard are not before us.

The trial court sustained Old Republic's demurrer to the first amended complaint without leave to amend. Sandra could not plead that Old Republic owed her a duty to disclose information, an element of fraudulent concealment, because Sandra was not a party to the escrow and did not apply for title insurance. No claim for constructive fraud or professional negligence could lie because Old Republic was not in a confidential or fiduciary relationship with Sandra. Sandra also could not plead a claim for aiding and abetting because she could not allege sufficient facts of concealment.

5

DISCUSSION

I

*Standard of Review*

We independently review an order sustaining a demurrer.  We construe the challenged complaint liberally, giving it a reasonable interpretation, reading it as a whole, and viewing its parts in context.  (*Milligan v. Golden Gate Bridge Highway & Transportation Dist.* (2004) 120 Cal.App.4th 1, 5.)  "We treat the demurrer as admitting all material facts properly pleaded, but we do not assume the truth of contentions, deductions or conclusions of law.  (*Aubry v. Tri–City Hospital Dist., supra*, 2 Cal.4th at pp. 966-967.)  We determine de novo whether the factual allegations of the challenged pleading are adequate to state a cause of action under any legal theory.  (*Milligan, supra,* 120 Cal.App.4th at p. 6.)  . . .

"The plaintiffs bear the burden of demonstrating that the demurrer was sustained erroneously.  (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485 [].)  We will affirm the judgment if proper on any grounds stated in the demurrer, whether or not the trial court acted on that ground.  (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324 [].)"  (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 51-52.)

If the demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment.  If it can, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  Plaintiff bears the burden of proving such reasonable possibility.  (*Ibid*.)

## II

### *Concealment*

In the first amended complaint's causes of action against Old Republic, Sandra alleges that Old Republic is liable because it concealed from her (1) its mistake in not identifying the discrepancy in the November 27 deed of trust's date before the deed was recorded; (2) its knowledge that the recorded deed of trust eliminated her security interest in the note; and (3) that it cancelled Richard's application for title insurance because of those facts.

To recover based on a theory of concealment, the plaintiff must allege and prove that the defendant was under a duty to disclose the material fact. (*Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 248 (fraudulent concealment).) Sandra contends Old Republic was required to disclose the concealed facts to her because (1) due to the assignment, she was the ultimate beneficiary of the deed of trust which Old Republic drafted and for which it was the trustee, and she was a party to the "title insurance transaction"; (2) Old Republic had a duty to disclose under the negligent undertaking doctrine since its actions placed Sandra in peril; and (3) Old Republic had a duty to disclose to third party beneficiaries such as herself.

We address each argument.

### A.    Party to the transaction

The trial court stated that Old Republic, as an escrow holder, "owed a limited duty only to the parties to the transaction, and Plaintiffs were not parties to the escrow transaction. Consequently, as to all allegations i[n] the [First Amended Complaint] pertaining to the escrow, the Court finds that they do not support the finding that [Old Republic] and Plaintiffs were in some form of relationship which would implicate a duty to disclose known facts."

7

Sandra contends the trial court erred because the first amended complaint alleged she was a party to the deed of trust and a transaction with Old Republic by virtue of the assignment and being the ultimate beneficiary of the deed of trust. Old Republic, as trustee of the deed of trust, was thus obligated to protect her. This transaction and relationship, which Sandra calls the Title Insurance Transaction, was more than one with Old Republic acting solely as an escrow agent. Although Sandra does not argue the point clearly, we infer she contends that her role as assignee and ultimate beneficiary under the deed of trust made her a party to a transaction that created the type of relationship that would impose on the trustee of the deed of trust a duty to disclose.

A duty to disclose may arise, among other ways, " 'as an incident of a relationship between the defendant and the plaintiff; and it may arise as a result of other conduct by the defendant that makes it wrongful for him to remain silent.' " (*SCC Acquisitions Inc. v. Central Pacific Bank* (2012) 207 Cal.App.4th 859, 864, quoting *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 867.)

A duty to disclose exists in a fiduciary or other confidential relationship. (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336.) However, a trustee under a deed of trust owes no fiduciary obligations. (*Heritage Oaks Partners v. First American Title Ins. Co.* (2007) 155 Cal.App.4th 339, 345.)

A duty to disclose may also arise in nonfiduciary relationships in at least three instances: (1) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (2) when the defendant actively conceals a material fact from the plaintiff; and (3) when the defendant makes partial representations but also suppresses some material facts. (*LiMandri v. Judkins, supra*, 52 Cal.App.4th at p. 336; *Warner Constr. Corp. v. City of Los Angeles* (1970) 2 Cal.3d 285, 294.)

These nonfiduciary interactions presuppose the existence of some type of relationship between the plaintiff and the defendant in which a duty to disclose can arise. (*Hoffman v. 162 North Wolfe LLC* (2014) 228 Cal.App.4th 1178, 1187.) "A relationship

8

between the parties is present if there is 'some sort of *transaction* between the parties. [Citations.]  Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.' " (*Ibid*., quoting *LiMandri v. Judkins, supra*, 52 Cal.App.4th at p. 337.)

The relationship between the ultimate beneficiary of a deed of trust and the trustee of the deed of trust is not the type of relationship or "transaction" which would impose on the trustee a duty to disclose.  A trustee of a deed of trust is not a true trustee with fiduciary obligations.  (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 927.)  A trustee of a deed of trust "is an agent of the beneficiary only in a limited sense. Such a trustee 'has neither the powers nor the obligations of a strict trustee; rather, he serves as a kind of common agent for the trustor and the beneficiary.  [Citations.]  His agency is a passive one, for the limited purpose of conducting a sale in the event of the trustor's default or reconveying the property upon satisfaction of the debt.  [Citations.]' (*Hatch v. Collins* (1990) 225 Cal.App.3d 1104, 1111 []; see *Vournas v. Fidelity Nat. Title Ins. Co.* (1999) 73 Cal.App.4th 668, 677 [].)  ' "The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes.  No other common law duties exist." ' (*Pro Value Properties, Inc. v. Quality Loan Service Corp.* (2009) 170 Cal.App.4th 579, 583 [].)" (*Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 819.)

Sandra has not cited any statute or language in the deed of trust that would impose on Old Republic as the trustee of the deed of trust a duty to disclose to her its knowledge that the recorded deed of trust did not secure the promissory note.  She argues that "[i]t seems inherently obvious" that a trustee of a deed of trust would owe a duty to disclose to the beneficiary that her security was void.  However, such a duty arises only if imposed by the Legislature or the parties themselves, neither of which Sandra alleged happened here.  (See, e.g., *Citrus El Dorado, LLC v. Chicago Title Co.* (2019) 32 Cal.App.5th 943,

9

948-949 [no authority holds a trustee of deed of trust liable for not investigating the validity of an assignment to the beneficiary]; *Fleisher v. Continental Auxiliary Co.* (1963) 215 Cal.App.2d 136, 138-140 [trustee of deed of trust had no duty to investigate status of the underlying debt before reconveying].) Moreover, Sandra has not argued that she could make such an assertion of fact if we granted her leave to amend.

Sandra also contends she was a party to the transaction with Old Republic because she had been communicating directly with Old Republic to obtain an endorsement to the "Lenders Policy of Title Insurance" extending coverage to her, and Old Republic misled her about the reason the application was cancelled. Her support for this statement does not come from the complaint. It comes from documents she attached to her motion for reconsideration of the demurrer filed in the trial court after judgment had been entered.

The complaint did not allege that Sandra had applied for a lender's policy or endorsement from Old Republic. It alleges she was to be provided with documentation to obtain an endorsement, and that due to Richard's actions, she was not given the documentation. The complaint also alleges that Richard's attorney, in his November 27 letter to Old Republic requesting title insurance, stated that Sandra and Nancy would want a lender's policy insuring their first position. Neither of these statements allege that Sandra applied for coverage from Old Republic.

And, as the trial court stated, any such allegations would conflict with exhibits attached to the complaint. E-mails between Richard's attorney and Old Republic indicated it was Richard's attorney who applied for title insurance for the transaction. The settlement agreement required Richard to obtain title insurance covering the Property. Facts appearing in exhibits take precedence over contrary allegations in a complaint. (*Barnett v. Fireman's Fund Insurance Co.* (2001) 90 Cal.App.4th 500, 505.) As a result, Sandra cannot amend around the exhibits to allege she separately applied to Old Republic for title insurance to establish she was a party to a transaction with Old Republic under which the title company had a duty to disclose information to her.

10

B.     Negligent undertaking doctrine

Under the negligent undertaking doctrine—sometimes referred to as the "Good Samaritan" rule—a person who undertakes to render services to protect another may be liable to third persons for physical harm resulting from not acting with reasonable care. (*Artiglio v. Corning Inc.* (1998) 18 Cal.4th 604, 612-613.)

The first amended complaint alleges Old Republic is liable under the negligent undertaking doctrine for not disclosing to Sandra the altered state of the recorded deed of trust. Further, Old Republic undertook to draft and record the deed of trust, but it did not exercise reasonable care by missing the alteration, and its failure caused Sandra to incur damages.

The negligent undertaking doctrine does not apply here. It applies only when physical harm results. (*Paz v. State of California* (2000) 22 Cal.4th 550, 559; *Artiglio v. Corning Inc., supra*, 18 Cal.4th at p. 614; Rest.2d Torts, § 324A.) Sandra contends the doctrine should apply here by "parity of analysis," but she cites no authority to apply the doctrine where no physical harm results. Because she cannot allege physical harm, she cannot amend her complaint to successfully recover under this theory.

C.     Third party beneficiary

Sandra contends she was a third-party beneficiary of a contract between Old Republic and Richard made as part of his applying for title insurance. Under this agreement, Old Republic was obligated to facilitate the recording of a valid deed of trust. Old Republic breached the contract by not recording a valid deed. Sandra argues that as a third-party beneficiary of the agreement, she has a right to recover damages caused by that breach. Sandra also claims that Old Republic had a duty to disclose its breach to Sandra because she was a third-party beneficiary and the beneficiary of the deed of trust.

Sandra's briefing on this point is ambiguous. It is possible to read her brief as arguing that Old Republic breached the settlement agreement and all the documents

11

attached to it by not recording a valid deed.  If that is Sandra's argument, it provides no ground for asserting third-party beneficiary rights, as Sandra was a party to the settlement agreement, not a third-party beneficiary, and Old Republic was not a party.

We infer Sandra is arguing that Old Republic breached an agreement with Richard that was separate from the settlement agreement.  The complaint contains no allegation or cause of action based on Sandra's status as a third-party beneficiary of an agreement by Old Republic with Richard to record or facilitate the recording of a valid deed of trust. Sandra asks for an opportunity to amend the complaint to include the allegations.

Sandra's burden is higher than merely asking for permission.  She must show in what manner she can amend the complaint and how that amendment will change the legal effect of her pleading.  (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado, supra*, 200 Cal.App.4th at p. 1485.)  She has not made that showing.

Moreover, it would be particularly difficult to make that showing under the facts as alleged.  The complaint alleges Old Republic acted as an escrow agent until Richard cancelled escrow and as a trustee under the deed of trust.  In both of those capacities and absent clear evidence of fraud by it, Old Republic owed no duties to interested third party beneficiaries beyond those expressed in the escrow instructions provided by the parties to the escrow or set forth in the deed of trust.  (*Biancalana v. T.D. Service Co., supra*, 56 Cal.4th at p. 819; *Markowitz v. Fidelity Nat. Title Co.* (2006) 142 Cal.App.4th 508, 526-528.)  Sandra has not set forth any escrow instructions or terms of the deed of trust that would have imposed a duty on Old Republic toward third party beneficiaries, and thus has not shown how she could amend her complaint to state a cause of action under a third-party beneficiary theory.

12

## III

### *Aiding and Abetting*

Under California law, a person may be liable for aiding and abetting another's tort. " ' "Liability may . . . be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act or (b) gives substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constitutes a breach of duty to the third person." (*Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 846 []; Rest.2d Torts, § 876.)' (*Fiol v. Doellstedt* (1996) 50 Cal.App.4th 1318, 1325-1326 [].)" (*Casey v. U.S. Bank Nat. Assn.* (2005) 127 Cal.App.4th 1138, 1144.)

The first amended complaint alleges that Old Republic aided and abetted Richard in breaching his duties. Knowing Richard breached his duty to Sandra by altering and recording the aberrant deed of trust and by not obtaining title insurance, Old Republic aided and abetted Richard by reviewing the altered deed, making any corrections required, and giving it to Richard to record; concealing from Sandra that the altered deed of trust had been recorded; and concealing it was cancelling Richard's application for title insurance because the altered deed had eliminated Sandra's security in the note.

The trial court sustained Old Republic's demurrer to this cause of action because the complaint did not sufficiently allege the title company substantially assisted or encouraged Richard. This was because Sandra did not and could not sufficiently allege facts under a concealment theory of fraud.

Before us, Sandra does not contend that the allegations in the first amended complaint sufficiently pleaded aiding and abetting. Instead, she argues that Old Republic facilitated Richard's fraud by falsely representing to her and her attorney after it had cancelled Richard's application for title insurance that there was no specific curable cloud

13

or defect that prompted Old Republic to cancel the application. Sandra argues this was a misrepresentation made to conceal Richard's fraud because the defects in the deed of trust were in fact curable.

The first amended complaint does not contain these allegations. Plaintiff first introduced them in her motion for rehearing after judgment had been entered. The question thus becomes whether allowing Sandra to amend the complaint to include these factual allegations will change the legal effect of the complaint's cause of action for aiding and abetting. (*Friends of Shingle Springs Interchange, Inc. v. County of El Dorado, supra*, 200 Cal.App.4th at p. 1485.)

Liability for aiding and abetting an intentional tort arises from the "concert of action" doctrine prescribed in section 876 of the Restatement Second of Torts. In comments, the Restatement predicates aiding and abetting liability on the person's aiding and abetting being a substantial factor in causing the resulting tort. (Rest.2d Torts, § 876, com. (d), (e).) If the person's encouragement or assistance is a substantial factor in causing the resulting tort, she is herself a tortfeasor and is responsible for the consequences of the other's act. (*Navarrete v. Meyer* (2015) 237 Cal.App.4th 1276, 1286.)

Here, Sandra cannot allege that Old Republic's misrepresentation of the curability of the defects in the deed of trust was a substantial factor in causing Richard's fraud. The altered deed was recorded on November 27, 2019. Old Republic made the misrepresentation to Sandra and her attorney by e-mail dated January 13, 2020. Indeed, the complaint asserts that Old Republic was not aware of Richard's fraud until after the fraud was complete. Old Republic missed Richard's alteration of the deed of trust when it reviewed the document before it was recorded, and its underwriting department discovered the error on or about January 8, 2020.

Because Sandra cannot allege that Old Republic's misrepresentation of the curability of the deed of trust's defects was a substantial cause in Richard committing the

14

fraud, she cannot amend her complaint to plead a viable cause of action for civil aiding and abetting.

DISPOSITION

The judgment of dismissal is affirmed. Costs on appeal are awarded to Old Republic. (Cal. Rules of Court, rule 8.278(a).)


_____

HULL, J.


We concur:


_____

EARL, P. J.


_____

MESIWALA, J.